RECEIVED

2006 JUL 14 P 3:58

~~DEBRA P. HACKETT, CLK~~
~~U.S. DISTRICT COURT~~
~~MIDDLE DISTRICT ALA~~

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HAROLD KELLY MURPHY,          *
                              *
    Plaintiff,                *
                              *
v.                            *     Case No.: ~~3:06-cv-~~ 2:06cv618
                              *
SOUTHERN ENERGY HOMES, INC.,  *
                              *
    Defendants.               *

## NOTICE OF REMOVAL

Defendant, Southern Energy Homes, Inc. ("Southern Energy"), by and through counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, gives notice, with full reservation of all defenses[1], that this cause is hereby removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As and for its Notice of Removal, Southern Energy shows unto the Court as follows:

1.    This is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See*, 28 U.S.C. §§ 1441, 1446.

2.    On or about June 14, 2006, Harold Kelly Murphy (hereinafter referred to as "Plaintiff") commenced the above styled action by filing a Summons and Complaint in the Circuit Court of Montgomery County, Alabama, Civil Action No. CV-2006-1689. (Exhibit A – Summons and Complaint). Southern Energy was served with the Summons and Complaint on June 26, 2006. *See* Exhibit B. The Complaint alleges federal and state law claims arising from the sale of a manufactured home to Plaintiff. (Exhibit A).

3.    Less than thirty days have passed since service of the original Summons and Complaint ("Complaint") upon Southern Energy. 28 U.S.C. § 1446(b). There are no other

---

1    Reservation includes right to arbitration.

defendants that are capable of service and that have been served. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b). A true and correct copy of all process and pleadings served on Southern Energy in this action is attached hereto as Exhibit C (composite), and is incorporated by reference herein. 28 U.S.C. § 1446(a).

4. The United States District Court for the Middle District of Alabama, Northern Division, is the federal judicial district and division embracing the Circuit Court of Montgomery County, where the suit was originally filed. For the purpose of removal only, venue is therefore proper under 28 U.S.C. § 1441.

5. Southern Energy will provide the Plaintiff, by and through counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Further, Southern Energy will cause a copy of this Notice of Removal to be filed with the Clerk of the Circuit Court of Montgomery County, Alabama, where the action was pending. (Exhibit D)

6. The proper filing fee has been tendered to the Clerk of the United States District Court for the Middle District of Alabama, Northern Division.

**Federal Question Jurisdiction**

7. Defendant can remove to the appropriate federal district court "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions airing under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Pacheco de Perez v. AT & T Company*, 139 F.3d 1368, 1373 (11th Cir. 1998)(recognizing that "a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a

necessary element of a state law claim." (internal citations omitted). As such, this case is properly removable pursuant to 28 U.S.C. § 1331.

8. The Complaint alleges claims governed by and arising under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 *et seq.* (the "Magnuson-Moss Warranty Act). The Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d) provides:

> (d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims…
>
> **(3)** No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection--
>
> **(B)** if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit…

Therefore, the Complaint includes claims governed and necessarily arising under the Acts of Congress. 15 U.S.C. § 2310(d).

9. The Complaint also states claims governed by and arising under the National Manufactured Housing Construction and Safety Standards Act, 42 U.S.C. §§ 5401, *et seq.*, the Code of Federal Regulations, Title 24, Federal Manufactured Home Construction and Safety Standards. 24 CFR § 3280, *et seq.*, and the Code of Federal Regulations Title 24, Manufactured Home Procedural and Enforcement Regulations. 24 CFR § 3282, *et seq.* Plaintiff claims, among other things, that the home contained defects. The Plaintiff's claims conflict with federal law in that the design and construction of the subject manufactured home,[2] along with all materials used have specifically been approved by the Department of Housing and Urban Development through its sanctioned agencies and therefore, the claims made by the Plaintiff are preempted.

---

[2] Manufactured homes (which are often incorrectly referred to as "mobile homes") are defined at 24 C.F.R. § 3280.2.

10. This Court has federal question jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1441, 15 U.S.C. § 2301, *et seq.*, and 42 U.S.C. § 5401, *et seq.*

11. The amount-in-controversy requirement is satisfied in this case. Federal question jurisdiction, over claims under the Magnuson-Moss Warranty Act, exists when the amount-in-controversy is at least the sum or value of $50,000.00 (exclusive of interest and costs). 15 U.S.C. § 2310(d)(3)(B).

12. The Complaint, in Count One (Magnuson-Moss Warranty Act), asserts a claim for compensatory damages, including damages for:

   a. "[T]he defects in the manufactured home have substantially and severely impaired its use."

   b. "[T]he home is of decreased or lesser value than represented when purchased."

   c. "Plaintiff has suffered mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience."

   d. "Plaintiff has been subject to toxic mold resulting from the defects and has suffered pain and discomfort."

   e. Plaintiff seeks attorney's fees pursuant to the Magnuson-Moss Warranty Act.

13. The Complaint claims an unspecified amount of damages. In determining the amount-in-controversy, under the Magnuson-Moss Warranty Act, based on claims for unspecified damages, a defendant must prove by a preponderance of the evidence that the amount-in-controversy is no less than $50,000.00 (exclusive of interests and costs). *See* 15 U.S.C. § 2310(d)(3)(B); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Where a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-1357 (11th Cir. 1996); *See also*

*Gafford v. General Elec. Co.*, 997 F.2d 150, 160 (6th Cir.1993).

14. As set forth in the Complaint, the subject manufactured home was purchased for $45,639.90 (Exhibit A – Complaint, ¶ 7). Upon information and belief, Plaintiff financed the purchase of this home and, therefore, the expected repayment value of the loan exceeds the jurisdictional amount. *See Shaffer v. Palm Harbor Homes, Inc.*, 328 F.Supp.2d 633 (N.D. Miss. 2004). Since Plaintiff's Compliant failed to allege a specific amount of damages, this type of proof is sufficient to show beyond a preponderance of the evidence that the jurisdictional minimum is present. *Id.*; *see also, Roberts v. Chandaleur Homes, Inc.*, 237 F.Supp.2d 696 (S.D. Miss. 2002)(held that the amount in controversy was satisfied where the purchase price was $30,496 and after financing the expected repayment amount was $120,398). Clearly, the $50,000 threshold amount is present. *Id.*

15. In this case, there are also allegations of violations of 15 U.S.C. § 2308. (Exhibit A). Based on the allegations in the Complaint, this Court should consider the possibility that personal injury damages may be awarded. *See Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1065 (5th Cir. 1984), *rehearing denied*, 759 F.2d 504 (5th Cir. 1985).

16. Juries in Alabama regularly award damages in excess of $50,000.00 in cases alleging manufactured home defects. For example, *Horton Homes, Inc. v. Brooks,* 832 So.2d 44 (Ala. 2001) (complaint, as amended, alleging breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent construction, wanton construction, negligent repair, wanton repair, fraudulent concealment, misrepresentation, misleading warranty under Magnuson-Moss Warranty Act, breach of warranty, and violation of the Magnuson-Moss Warranty Act; plaintiff awarded $150,000 in compensatory damages, together with his costs of $5,340.03 and attorney fees of $34,612.50 plus punitive-damages

award of $150,000 (after a remittitur of $450,000)).

17. Further, the Complaint alleges the sufferance of "mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience". (Exhibit A, Complaint ¶ 22). Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from allegations of breach of warranty. Verdicts well in excess of $50,000 have been rendered against corporate defendants in breach of warranty actions. *See e.g., Liberty Homes, Inc. v. Epperson*, 581 So.2d 449 (Ala. 1991)(affirming award of $194,174.70 in case seeking damages for breach of express and implied warranty and damages under the Magnuson-Moss Warranty Act in connection with the sale of a mobile home).

18. The Complaint also states that the "Plaintiff has been subject to toxic mold resulting from the defects". (Complaint, ¶ 22). Verdicts in cases where mold has been alleged have easily exceeded $50,000.00. *See, New Haverford P'ship v. Stroot*, 772 A.2d 792 (Del. 2001) (Supreme Court of Delaware upheld approximately $1 million verdict against landlord based on tenant claims of leaks and mold in apartment causing health problems).

19. Plaintiff has further demanded relief in the form of punitive damages (Exhibit A). Plaintiff has also demanded attorneys' fees. (Exhibit A).

20. The remaining claims asserted in the Complaint are within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1441 and § 1367. The state law claims are not separate and independent from the federal claim, and thus remand of the state law claims is not permissible under 28 U.S.C. § 1441(c). *See, e.g., In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996). Therefore, this Court has supplemental jurisdiction over said claims, because the claims form part of the same "case or controversy" as the claims within this Court's jurisdiction.

See 28 U.S.C. § 1367.

### The Other Removal Pre-Requisites Have Been Satisfied

21. The Defendant has heretofore sought no similar relief.

22. Copies of all process, pleadings, order and other papers on file in the state court action are attached to this Notice of Removal and labeled as Exhibit E.

23. Based on the preceding, this action is properly removable to the federal court in accordance with 28 U.S.C. § 1441.

24. The time within which defendant is required to answer or respond to the Complaint in state court has not expired.

25. The Defendant reserves the right to amend the notice of removal.

26. If any question arises as to the propriety of the action, Southern Energy requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, desiring to remove this cause to the United States District Court for the Middle District of Alabama, Northern Division, prays that the filing of this Notice of Removal, the written notice thereof to the Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall effect the removal of said cause to this Court and this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Montgomery County, Alabama to this Honorable Court.

Respectfully submitted,

_____
Robert D. Segall (ASB-7354-E68R)
Mitchel H. Boles (ASB-0813-S69M)

*Attorney for Southern Energy Hones, Inc.*

**OF COUNSEL:**

Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
P. O. Box 347
Montgomery, AL 36101-0347
Phone: 334/834-1180
Facsimile: 334/834-3172

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon the following counsel of record, via U.S. Mail, postage prepaid and properly addressed on this the 14th day of July, 2006:

C. Lance Gould
C. Gibson Vance
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
**Counsel for Plaintiff, Harold Kelly Murphy**

_____
Of Counsel

8