IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HAROLD KELLY MURPHY,** | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \*   Case No.: 2:06-cv-618 |
| | \* |
| **SOUTHERN ENERGY HOMES, INC., et al.,** | \* |
| | \* |
| Defendants. | \* |

## ORDER

Upon consideration off defendant's motion for stipulated protective order (Doc. # 12), filed October 18, 2006, and for good cause, it is

ORDERED that the motion be and hereby is GRANTED as follows:

This Protective Order shall control the use and disposition of any and all deposition testimony, records and/or information pertaining to the Southern Energy Homes, Inc.'s DAPIA print related to the wall construction and/or Southern Energy Homes, Inc.'s DAPIA (hereinafter collectively referred to as "the covered discovery").

1. Until further order of the Court, the covered discovery (including all copies thereof, and all information extracted therefrom and put into other documents) shall be kept confidential, and counsel shall not permit its disclosure to anyone other than persons identified in Paragraph 4, *infra*, and except as provided and subject to the conditions stated herein.

2. All covered discovery shall bear the legend "SUBJECT TO STIPULATED PROTECTIVE ORDER: CONFIDENTIAL DISCOVERY."

3. The covered discovery shall be used solely for the purposes of this litigation or any litigation involving Southern Energy Homes, Inc. as a defendant and not for any business, commercial or other purpose. This Stipulated Protective Order, however, shall not affect the authenticity or admissibility into evidence of covered discovery that is otherwise authenticated or admissible.

4. The covered discovery and its contents may only be disclosed to:

   a. the Court;
   b. any person to whom disclosure is ordered by the Court or agreed to by the parties;
   c. any counsel for the parties who has entered an appearance in this litigation;
   d. paralegals, secretaries, and attorneys employed by counsel to assist in trial preparation;
   e. the parties themselves (whether represented by counsel or otherwise);
   f. any expert witness who is not an employee of a party consulted by counsel to assist them in preparation of this litigation, <u>provided</u> that every such person first review this Stipulated Protective Order and agree in writing to be bound by its terms;
   g. covered discovery may be shown to or discussed with, but <u>not</u> delivered to, any deponent or witness.

5. All covered discovery shall be maintained under the control of and accounted for by counsel receiving it. Upon final termination of this action, including all appeals there from, counsel, and anyone receiving covered discovery shall **RETURN** all covered discovery to counsel for Defendant within thirty (30) days of the final disposition of this matter.

6. If counsel for the requesting party wants to reclassify any covered discovery as not subject to this Order or not confidential, that counsel shall notify counsel for the producing party beforehand to determine whether there exists any objection to reclassification. If an objection is raised, counsel for the requesting party may request a ruling from the Court that such

matter be reclassified as not Confidential – provided, however, that all such matter shall be treated as protected until the Court has entered its ruling.

7. Nothing herein shall be deemed to restrict any parties or their counsel with respect to their own documents or documents obtained through discovery outside of this Stipulated Protective Order or through other means.

8. No party shall be foreclosed by this Stipulated Protective Order from seeking modification of this Order by agreement of the parties or by application to this Court. Unless and until modified, however, covered discovery shall continue to be treated as provided herein.

DONE, this 24th day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE