**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **HAROLD KELLY MURPHY,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *    **Case No.: 2:06-cv-618** |
| | * |
| **SOUTHERN ENERGY HOMES, INC., et al.,** | * |
| | * |
| **Defendants.** | * |

**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF**
**SOUTHERN ENERGY HOMES, INC.**

Defendant Southern Energy Homes, Inc. ("Southern Energy") hereby amends its amended answer to the Complaint of Plaintiff Harold Kelly Murphy as follows:

Southern Energy denies each allegation in the Complaint ("Complaint") except those expressly admitted below.

**PARTIES**

1.     Southern Energy lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies the allegations.

2.     Southern Energy admits that it is a Delaware corporation with its principal place of business in Winston County, Alabama.  The remaining allegations contained in this paragraph are denied.

3.     The allegations stated in paragraph 3 require no response.

**BACKGROUND FACTS**

4.     It is admitted that Southern Energy would have provided its one year limited warranty (the "Limited Warranty") to the first retail purchaser of the subject manufactured home

and said Limited Warranty speaks for itself.  Southern Energy denies the remaining allegations in paragraph 4 of the Complaint.

 5. Southern Energy denies the allegations in this paragraph of the Complaint.

 6. Southern Energy denies the allegations in this paragraph of the Complaint.

 7. Southern Energy lacks sufficient information to admit or deny.

 8. It is admitted that Southern Energy would have provided its one year limited warranty (the "Limited Warranty") to the first retail purchaser of the subject manufactured home and said Limited Warranty speaks for itself.  Southern Energy denies the remaining allegations in paragraph 8 of the Complaint.

 9. Southern Energy denies the allegations in this paragraph of the Complaint.

 10. Southern Energy denies the allegations in this paragraph of the Complaint.

 11. Southern Energy denies the allegations in this paragraph of the Complaint.

 12. Southern Energy denies the allegations in this paragraph of the Complaint.

 13. Southern Energy denies the allegations in this paragraph of the Complaint.

 14. Southern Energy denies the allegations in this paragraph of the Complaint.

 15. Southern Energy denies the allegations in this paragraph of the Complaint.

 16. Southern Energy denies the allegations in this paragraph of the Complaint.

 17. Southern Energy denies the allegations in this paragraph of the Complaint.

## COUNT ONE
## MAGNUSON MOSS WARRANTY ACT
## 15 U.S.C. § 2301, et seq.

 18. Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

19.    It is admitted that Southern Energy would have provided its one year limited warranty (the "Limited Warranty") to the first retail purchaser of the subject manufactured home and said Limited Warranty speaks for itself.  Southern Energy denies the remaining allegations in paragraph 19 of the Complaint.

20.    Southern Energy denies the allegations in this paragraph of the Complaint.

21.    Southern Energy denies the allegations in this paragraph of the Complaint.

22.    Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

23.    Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

24.    It is admitted that Southern Energy would have provided its one year limited warranty (the "Limited Warranty") to the first retail purchaser of the subject manufactured home and said Limited Warranty speaks for itself.  Southern Energy denies the remaining allegations in paragraph 24 of the Complaint.

25.    Southern Energy denies the allegations in this paragraph of the Complaint.

26.    Southern Energy denies the allegations in this paragraph of the Complaint.

27.    Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28.    Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

29.     Southern Energy denies the allegations in this paragraph of the Complaint.

30.     Southern Energy denies the allegations in this paragraph of the Complaint.

31.     Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT FOUR
## BREACH OF FITNESS FOR A PARTICULAR PURPOSE

32.     Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

33.     Southern Energy denies the allegations in this paragraph of the Complaint.

34.     Southern Energy denies the allegations in this paragraph of the Complaint.

35.     Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT FIVE
## BREACH OF WARRANTY OF HABITABIILITY

36.     Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

37.     Southern Energy denies the allegations in this paragraph of the Complaint.

38.     Southern Energy denies the allegations in this paragraph of the Complaint.

39.     Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT SIX
## NEGLIGENCE

40.     Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

41.     Southern Energy denies the allegations in this paragraph of the Complaint.

42.    Southern Energy denies the allegations in this paragraph of the Complaint.

43.    Southern Energy denies the allegations in this paragraph of the Complaint.

44.    Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT SEVEN
## WANTON

45.    Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

46.    Southern Energy denies the allegations in this paragraph of the Complaint.

47.    Southern Energy denies the allegations in this paragraph of the Complaint.

48.    Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT EIGHT
## UNJUST ENRICHMENT

49.    Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

50.    Southern Energy denies the allegations in this paragraph of the Complaint.

51.    Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT NINE
## FRAUDULENT CONCEALMENT

52.    Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

53.    Southern Energy denies the allegations in this paragraph of the Complaint.

54.    Southern Energy denies the allegations in this paragraph of the Complaint.

55.    Southern Energy denies the allegations in this paragraph of the Complaint.

56.    Southern Energy denies the allegations in this paragraph of the Complaint.

57.    Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT TEN
### NEGLIGENT/WANTON FRAUDULENT CONCEALMENT

58.    Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

59.    Southern Energy denies the allegations in this paragraph of the Complaint.

60.    Southern Energy denies the allegations in this paragraph of the Complaint.

61.    Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## COUNT ELEVEN
### ALABAMA EXTENDED MANUFATURERS LIBAILITY DOCTRINE

62.    Southern Energy incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

63.    Southern Energy admits that it is in the business of manufacturing manufactured homes.  Southern Energy has insufficient knowledge or information to either admit or deny the remaining allegations of this paragraph of the Complaint.

64.    Southern Energy admits that it manufactured a manufactured home with serial number 38810-AB.

65.    Southern Energy has insufficient knowledge or information to either admit or deny the allegations in this paragraph of the Complaint.

66.     Southern Energy has insufficient knowledge or information to either admit or deny the allegations in this paragraph of the Complaint.

67.     Southern Energy denies the allegations in this paragraph of the Complaint.

68.     Southern Energy denies the allegations in this paragraph of the Complaint.

Southern Energy denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     The plaintiff has not met all conditions precedent to the filing of the claims set forth in this suit.

2.     The Complaint fails to state a claim upon which relief may be granted.

3.     Defendant pleads the provisions and limitations of any applicable warranty.

4.     Defendant pleads the applicable provisions of the Alabama Uniform Commercial Code and the limitations contained therein.

5.     The claims asserted by the plaintiff were proximately contributed to by the conduct of the plaintiff, thereby barring any recovery.

6.     The claims asserted by the plaintiff resulted from intervening and superseding causes, thereby barring any recovery by the plaintiff.

7.     Defendant pleads the applicable provisions and limitations of any written contract entered into by the plaintiff relating to plaintiff's purchase of the home which forms the basis of this suit.

8.     The Complaint should be dismissed or this action should be stayed because the parties and/or all claims are subject to a pre-dispute binding arbitration agreement.

9.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

10.     Plaintiff's claims are barred due to plaintiff's contributory negligence.

11.     The plaintiff is not legally entitled to attorneys' fees, costs, or interest.

12.     Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates a defendant's rights to due process as guaranteed by the United States Constitution.

(b)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(c)     Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit or any guidelines of any sort on the amount of such damages that a trier of fact may impose, and will violate this defendant's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

(d)     Plaintiff's claim for such damages against this defendant cannot be sustained because any award of such damages under Alabama law would violate this defendant's due process rights in as much as a trier of fact is allowed to award such damages as the trier of fact sees fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

(e)    Plaintiff's claim of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, are unconstitutionally vague, indefinite and uncertain, and they deprive this defendant of due process of law.

(f)    Plaintiff's claim of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, causes this defendant to be treated differently from other similarly situated persons/entities by subjecting this defendant to liability beyond the actual loss, if any, caused by this defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)    The procedures pursuant to which mental anguish damages are awarded subject this defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among alleged joint tortfeasors in connection with the respective enormity of their alleged misconduct, in violation of this defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(h)    Plaintiff's claim for such damages, and the provisions of Alabama laws governing the right to recover such damages or the determination of such damages, exposes this defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this defendant's alleged conduct, creating a chilling effect on defendant's exercise of its rights to a judicial resolution of this dispute.

(i)    An award of such damages in this case would constitute a deprivation of property without due process of law.

(j)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

13.     Plaintiff's claim to mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of this defendant's due process rights guaranteed by the Alabama Constitution.

(b)     The procedures pursuant to which such damages are awarded and liability is ignored are unconstitutionally vague, indefinite and uncertain, and they deprive this defendant of due process of law in violation of the Alabama Constitution.

(c)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this defendant of due process of law in violation of the Alabama Constitution.

(d)     An award of such damages in this case would constitute a deprivation of property without due process of law.

(e)     The procedures pursuant to which such damages are awarded cause this defendant to be treated differently from other similarly situate persons and/or entities by subjecting this defendant to liability beyond the actual loss or harm, if any, caused by this defendant's conduct and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(f)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this defendant of its rights of equal protection and due process.

(g)     The procedures pursuant to which such damages are awarded subject this defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of defendant's due process rights and Article I, § § 1, 6, 13 and 22 of the Alabama Constitution.

(h)     The procedures pursuant to which such damages are awarded expose this defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this defendant's conduct, creating a chilling effect on the defendant's exercise of its right to a judicial resolution of this dispute.

(i)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j)     Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law subject it to no predetermined limit or any guidelines of any sort on the amount of such damages that a trier of fact may impose, and will violate this defendant's due process and equal protection rights guaranteed by the Alabama Constitution.  Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)     Plaintiff's claim for such damages against this defendant cannot be sustained because any award of such damages under Alabama law would violate this defendant's

due process rights, inasmuch as a trier of fact is allowed to award such damages as the trier of fact sees fit or as a matter of "moral discretion" without adequate or specific standards.

14.    In the calculation of any appropriate multiple of compensatory damages for punitive damages against this defendant, the use of any mental anguish damages, without any accompanying physical or bodily injury to plaintiff, in connection with an alleged claim, would be unjust and violate the Due Process Clause and Equal Protection Clause of the 5th, 8th and 14th Amendments to the United States Constitution, and the relevant provisions of the Alabama Constitution, inasmuch as mental anguish damages are so highly speculative that they do not provide compensatory damages sufficient to support a multiple of punitive damages appropriate under *BMW v. Gore*, and its progeny.

15.    Plaintiff's claim for mental anguish or emotional distress damages, without accompanying physical or bodily injury, is barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of the United States Constitution.

16.    This defendant asserts that the plaintiff's claims are completely pre-empted by the Carmack Amendment.

17.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to plaintiff, cannot be upheld because such claims require no proof of actual damage, and are unrelated to the actual conduct of this or any other defendant.  As such, these damages violate this defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

18.    The imposition of mental anguish or emotion distress damages, without any accompanying physical or bodily injury to plaintiff, in connection with an alleged breach of

warranty or contract, would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving any warranty, tort and economic loss. *See, e.g., Ala. Code* Section 7-2-715; *Lloyd Wood Coal Co. v. Clark Equipment Co.,* 543 So. 2d 671 (Ala. 1989), *Ford Motor Co. v. Rice,* 726 So. 2d 626 (Ala. 1998), and *Ex parte Grand Manor*, 2000 WL 337528 (Ala. 3/31/2000).

19.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to plaintiff, in connection with an alleged breach of warranty or contract, would be unjust inasmuch as it would be wholly inconsistent with prevailing principles of common law and statutory law throughout the nation. If the Alabama common law and statutes were construed as authorizing such a recovery, then the law would be unjust and should be conformed by the courts of this state to a more just result. *See, e.g., Restatement of the Law of Contracts,* Section 353.

20.    Recovery for any alleged negligence or other tortious conduct (including, without limitation) in manufacturing, sale, delivery, set-up, repair, training, or supervision, without any accompanying physical or bodily injury to plaintiff, would be unjust and inconsistent with Alabama common law and statutory law controlling the recovery of damages for claims involving warranty, tort and economic loss. *See, e.g., Ala. Code* Section 7-2-715; *Lloyd Wood Coal Co., et al., above.*

21.    The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to plaintiff, in connection with an alleged breach of warranty or contract, would be unjust inasmuch as the law of Alabama prohibits mental anguish awards for tortious conduct, without any accompanying physical or bodily injury to the plaintiffs, unless plaintiff was within a zone of physical danger. *See, e.g., White Consolidated*

*Industries, Inc.   v. Wilkerson,* 737 So. 2d 447 (Ala. 1999).  This would present the unjust situation in which a plaintiff could not recover for alleged mental anguish when a defendant acts with the *scienter* of negligence or wantonness, but could recover for violation of a breach of warranty or contract in which the defendant need not have acted with any *scienter*.

22.    The Plaintiff has failed to exercise such care as a reasonably prudent person would have exercised under the circumstances to reduce or mitigate plaintiff's damages (if any), and the plaintiff's recovery, if any, must be limited to such damages as would have been sustained had such care been exercised.

23.    Plaintiff's lack of privity of contract bars any implied warranty-related claims against this defendant.  The lack of privity, and the failure of plaintiff to provide notice of special circumstances to support an award of consequential damages, bars plaintiff from recovering mental anguish damages.

24.    The claims of the plaintiff are barred and/or limited by the doctrine of economic waste and/or the economic loss rule.

25.    Any award of punitive damages to the plaintiff and against defendant in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the United States of America.

26.    Any award of punitive damages to the plaintiff and against defendant in this case would be violative of the constitutional safeguards provided to the defendant under the Due Process clause of the Fourteenth Amendment to the Constitution of the United States, in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to any legitimate governmental interest.

27.    Any award of punitive damages to the plaintiff and against this defendant in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama, in that the process by which punitive damages are awarded, and are reviewed under Alabama law, is vague, is without any objective standards, and is in fact without any standards, and is not rationally related to any legitimate governmental interest.

28.    Any award of punitive damages to the plaintiff and against this defendant in this case would be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and under Article I, Section 6 of the State of Alabama, for the following additional reasons: The process by which, under Alabama Law, claims of punitive damages are submitted to triers of fact, and, if awarded, are subject to review by the Trial and Appellate Courts of the State of Alabama, in cases where punitive damages are awarded against a principal as a result of the acts of its agent, are colorably subject to the provisions of §§ 6-11-20 and 6-11-27, *Alabama Code* 1975.  In practice, punitive damages are awarded, and such awards are affirmed upon trial and appellate review, in disregard of said code sections, in violation of the above-cited constitutional provision, and of public policy.

29.    Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in § 6-11-21, *Ala. Code*, 1975.  This defendant intends to challenge the ruling stated in *Henderson v. Alabama Power Co.*, 627 So. 2d 878 (Ala. 1993).  This defendant pleads all applicable statutes  limiting the award of punitive damages.

30.    Mental anguish damages are unconstitutional because they are remote and metaphysical in nature; they are more sentimental than substantial; depending largely on physical and nervous condition, the suffering of one under precisely the same circumstances would be no

15

test of the suffering of another (i.e. they are too subjective); vague and shadowy, there is no possible standard by which such an injury can be justly compensated or even approximately measured; they easily fall within all the objections to speculative damages, which are universally excluded because of their uncertain character; such damages are so imaginary, so metaphysical, and so sentimental, that it is likely any award by a finder of fact would be made to punish the defendant and not to compensate the plaintiff.

31.    The award of discretionary, compensatory damages for mental suffering on behalf of plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering.  The amount of damage for such a claim is left to the sound discretion of the trier of fact with no specific, much less objective, standard for the amount of the award.  Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

(a)    it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States;

(b)    it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(c)    it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and,

(d)     it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

32.     The award of discretionary compensatory damages for mental suffering to the plaintiff violates the due process clause of Article I, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of law.

33.     Plaintiff failed to provide adequate notice of any alleged breach of warranty.

34.     To the extent repairs were made by or on behalf of this defendant, they were made correctly and accepted by the plaintiff.

35.     Defendant was not given a reasonable opportunity to cure the alleged defects.

36.     Defendant breached no duty owed to the plaintiff.

37.     Defendant's obligations to the plaintiff are limited by the terms of its Limited Warranty.

38.     The plaintiff's remedies against this defendant are limited by the terms of the Limited Warranty upon which plaintiff has brought suit against this defendant.

39.     Defendant pleads estoppel.

40.     Defendant pleads waiver.

41.     Defendant did not violate the provisions of the Magnuson Moss Warranty Act.

42.     The Judiciary of Alabama violated the Separation of Powers Doctrine when it invented a common law rule permitting mental anguish damages in home and automobile cases involving breaches of warranties and/or contracts.  Such rule is unconstitutional.

43.    The award of mental anguish damages in a contract or warranty action is unconstitutional because it denies a defendant procedural and substantive due process.  Alabama law and judicial practices foreclose the discovery and introduction into evidence of relevant evidence concerning a plaintiff's mental state for a variety of reasons:

(a)    Alabama's statutory privilege precludes the discovery of relevant psychiatric records of a plaintiff.

(b)    Alabama's two-tiered appellate standard concerning mental anguish favors unreliable and unchallengeable anecdotal testimony of a plaintiff concerning mental anguish, as opposed to reliable expert evidence.

(c)    Alabama trial courts routinely preclude a defendant from having plaintiff's mental conditions properly evaluated.  Defendant is thus foreclosed from obtaining expert evidence to oppose mental anguish claims.

44.    Mental anguish is a consequential/special damage, not a general damage.  As such, it must be specially pleaded and proven, which plaintiff has not and cannot do.

45.    Defendant's Limited Warranty disclaims all consequential damages -- including mental anguish.

46.    Alabama's mental anguish rule in contract and warranty actions violates the Rule of  Reasonable Certainty.

47.    The award of mental anguish damages in contract and warranty actions involving manufactured homes adversely effects interstate commerce.  Such a rule violates the "dormant" commerce clause.

48.    The Restatement 2d of Contracts precludes the award of mental anguish damages in contract or warranty cases involving homes, absent actual physical harm.  Alabama should adopt the Restatement Rule.

49.    Alabama's mental anguish rule violates the equal protection clauses of the United States and Alabama Constitutions because it singles-out contract and warranty transactions involving only new automobiles and homes.

50.    The recent evolution of Alabama tort standards, including the adoption of (a) the zone of danger rule; (b) the tort of outrage; and (c) the tort of bad faith, which finally bring Alabama into the mainstream of modern jurisprudence, render Alabama's mental anguish rule irrelevant, outdated, unnecessary and illegal.

51.    Alabama's mental anguish rule is unconstitutionally vague because it fails to adequately identify or predict which contracts or warranties may be subject to that rule, or the amount of damages that might be awarded in any given case.

52.    Alabama's mental anguish rule violates Alabama's adoption of *Hadley v. Baxendale.*

53.    Alabama's mental anguish rule violates *BMW v. Gore.*

54.    Plaintiff has failed to exhaust administrative remedies.

55.    Defendant pleads lack of cooperation.

56.     To the extent any implied warranties would apply to plaintiff, such warranties were disclaimed by defendant.

57.    Federal construction standards preempt any other building standards for the subject home, and the home was constructed in accordance with such standards.

58.    An agent of the federal government certified the defendant's compliance with all

applicable standards of care prior to sale.

59.    Defendant pleads fraud, license, arbitration, payment, release and statute of frauds.

60.    The plaintiff made no timely written claim, under the warranty, to defendant which was not honored.

61.    The damages claimed by plaintiff exceed the limits of defendant's liability under the warranty.

62.    Plaintiff has not mitigated damages.

63.    Plaintiff improperly maintained and used the home.

64.    This defendant has no pre-sale discussions or communications with plaintiff regarding the home; therefore, plaintiff cannot maintain fraud or breach of implied warranty of fitness claims against defendant.

65.    Plaintiff has no contract with defendant; therefore, plaintiff cannot maintain a fraud claim against defendant because plaintiff cannot show reliance.

66.    All implied warranties were waived.   State law merchantability claims are preempted by HUD Code sections 3280 and 3282, and are otherwise barred by the absence of privity.

67.    Plaintiff cannot simultaneously maintain a breach of warranty claim with tort claims for negligence and wantonness.  Tort claims are merged into warranty claims.  The only duty owed by defendant is set forth in the limited warranty.  No natural law duties exist.

68.    Defendant undertook no fiduciary duties with respect to plaintiff.

69.    Plaintiff accepted the goods under the U.C.C.

70.    There is no warranty of habitability applicable to a manufactured home because it is personalty, not realty, and it is subject to the U.C.C.

71.    Defendant pleads as defenses the HUD Code 24 CFR §§ 3280, 3282 and 3283.

72.    Plaintiff's claims are barred by the doctrine of proximate cause.

73.    Plaintiff's claims are barred because the injuries allegedly sustained by plaintiff was not proximately caused by any act or omission of Defendant.

74.    Plaintiff's claims are barred due to contributory negligence.

75.    Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by the acts and omissions of third parties over whom Defendant had no authority or control.

76.    Plaintiff's claims are barred by the equitable doctrines of laches.

77.    Plaintiff's claims are barred, in whole or in part, by the doctrines of merger, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

78.    Defendant is not liable for any acts or omissions of any third party.

79.    Plaintiff has failed to plead fraud with the requisite degree of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

80.    To award plaintiff damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Defendant avers that such an award in this case would violate the safeguards provided to Defendant under both the Alabama Constitution and the United States Constitution.

81.    Defendant pleads the general issue.

82.    No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

83.    Any award of punitive damages is barred by Ala. Code § 6-11-20 (1993) *et seq.,* and by Ala. Code § 6-1 1-27 (1993).

84.    To the extent that any demand by plaintiff for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against Defendant, this award contravenes Defendant's right to due process under the Due Process Clause of Article 1, Section 13 of the Alabama Constitution. In addition, such awards would infringe upon Defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

85.    The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of indefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on the defendants' exercise of the right to a judicial resolution of this dispute.

86.    The mobile home dealer accepted the home from defendant in good and merchantable condition.  The mobile home dealer inspected the home and found it to be in compliance with all applicable laws prior to the sale to the plaintiff.

87.    Defendant did not promise or otherwise agree to convey title of the home to plaintiff.  Defendant timely submitted a certificate of origin to the home dealer, in accordance with applicable law.

88.    Defendant pleads the affirmative defenses of impossibility and impracticality of performance.

89.    Plaintiff has failed to plead with the requisite degree of specificity sufficient facts entitling him invoke the tolling provisions of Alabama Code § 6-2-3.

90.    Defendant asserts that it was not the "seller" of the mobile home at issue.

91.    All standards of care are preempted by federal law.

92.    Defendant pleads federal preemption.

93.    Federal construction standards preempt any other building standards and/or common law.

94.    24 C.F.R.§ 3280.103 is an unreasonable application of congressional intent under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.E.2d 694 (1984).

**WHEREFORE,** Southern Energy prays for relief and judgment against plaintiff as follows:

A.    That plaintiff takes nothing by reason of the Complaint;

B.    That this action be dismissed with prejudice;

C.    That Southern Energy recovers its fees, costs and attorneys' fees incurred herein; and

D.    Such further and other relief as the Court deems proper.

Respectfully submitted,

/s Mitchel H. Boles
Robert D. Segall (SEG003)
Mitchel H. Boles (BOL026)
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
P. O. Box 347
Montgomery, AL 36101-0347
Phone: 334/834-1180
Facsimile: 334/834-3172
**Attorney for Southern Energy Homes, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Charles Lance Gould**
  lance.gould@beasleyallen.com holly.stroh@beasleyallen.com
- **Carter Gibson Vance**
  gibson.vance@beasleyallen.com heidi.bowers@beasleyallen.com


/s Mitchel H. Boles_____
Of Counsel