UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| RUSSELL J. GUIDROZ, JR., ET AL | * | CIVIL ACTION NO.: CV05-1148 |
| | * | |
| VS. | * | JUDGE |
| | * | |
| CHAMPION ENTERPRISES, INC. | * | MAGISTRATE JUDGE HILL |
| and REDMAN HOMES, INC. | * | |

---

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' MOTION TO AMEND JUDGMENT OF DISMISSAL (DOC. 31)
## AND FOR LEAVE TO AMEND ORIGINAL COMPLAINT

RESPECTFULLY SUBMITTED

**VOORHIES & LABBÉ**
(A Professional Law Corporation)


/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Redman Homes, Inc. and
Champion Enterprises, Inc. .



EXHIBIT
6

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

   I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   II. FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.   Course of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       B.   Plaintiffs' Proposed Amendments: . . . . . . . . . . . . . . . 5

   III. STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       A.   Motions to Amend Judgments Under Rule 59(e): . . . . . 8

       B.   Motions to Amend Pleadings: . . . . . . . . . . . . . . . . . . . 9

       C.   Motions to Dismiss Under Fed. R. Civ. Proc. 12(b)(6): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

   IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

       A.   Plaintiffs' Attempt to Impose Additional Restrictions Through State Law Liability on Defendants' Federally Sanctioned Decision to Use the Living-Space Side Vapor Barrier is Still Preempted. . . . . . . . 13

       B.   Plaintiffs' New "Totality of Construction Choices" Theory is Not Protected by the Extraordinary Remedy of Post-Judgment Amendment. . . . . . . . . . . 15

       C.   Plaintiffs' Proposed Amendment is Vague, Conclusory and Still Preempted . . . . . . . . . . . . . . . . . 16

   V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

**JUDICIAL DECISIONS:**

*Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163-64 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Combee*, 615 F.2d at 700 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

*Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-12, 16

*Ford Motor Co. v. Auto Supply Co., Inc.*, 661 F.2d 1171, 1172 (8th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Freeman v. Continental Gin Company*, 381 F.2d 459, 469 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-12, 16

*Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) . . . . . . . . . . . . 9-12, 16

*Harkless v. Sweeny Ind. Sch. Dist. of Sweeny, Tex.*, 554 F.2d 1353, 1359 (5th Cir.), *cert. denied*, 434 U.S. 966, 98 S. Ct. 507, 54 L. Ed. 2d 452 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

i

*In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)8*Kapps v. Torch Offshore, Inc.,* 379 F.3d 207, 210 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lone Star Motor Import, Inc. v. Citroen Cars Corp.,* 288 F.2d 69, 75 (5th Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Matte v. Sunshine Mobile Homes, Inc.,* 270 F.Supp.2d 805 (W.D. La. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

*Morgan Guaranty Trust Company of New York v. Blum,* 649 F.2d 342, 345 & n.4 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Old Time Enterprises, Inc. v. International Coffee Corporation,* 862 F.2d 1213, 1219 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991) . . . . . . . . . . 8

*Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990) . . . . . . . . 8

*Templet v. Hydrochem, Inc.,* 367 F.3d 473, 478-479 (5th Cir. 2004), *cert. denied,* 543 U.S. 976, 125 S. Ct. 411, 160 L. Ed. 2d 352 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 16

*Trinity Carton Company, Inc. v. Falstaff Brewing Corp.,* 767 F.2d 184, 194-195 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*Union Planters National Leasing, Inc. v. Woods,* 687 F.2d 117, 121 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 16

*Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) . . . . . . . . 8

*Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 546 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) . . . . . . . . . . . . . . . . . . . . . . 10

## STATUTES AND RULES:

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. § 5403(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. §§ 5401, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed R. Civ. Proc. 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Fed. R. Civ. Proc. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12, 15

Fed. R. Civ. Proc. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. Proc. 8(a) and (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**REGULATIONS:**

24 C.F.R. § 3280.103(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24 C.F.R. § 3280.303(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13

24 C.F.R. § 3280.504(b) . . . . . . . . . . . . . . . . . . . . 1, 3-5, 13-15, 18

24 C.F.R. § 3280.504(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6

24 C.F.R. § 3282.22(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

MAY IT PLEASE THE COURT:

## I. INTRODUCTION

Redman Homes, Inc., and Champion Enterprises, Inc., file this memorandum in opposition to plaintiffs' Motion to Amend Judgment of Dismissal and for Leave to Amend Original Complaint because plaintiffs new theories are still preempted and not entitled to protection by amendment. Plaintiffs' motion should be denied.

Plaintiffs' new proposed allegations are still preempted because they continue to challenge the manufacturer's selection of one federally sanctioned construction method over another. Plaintiffs originally tried to use state law liability to place geographic limitations on the manufacturer's decision about which condensation control method to use under 24 C.F.R. § 3280.504(b). This Court correctly concluded plaintiffs' original complaint was preempted. In their new allegations, plaintiffs merely attempt to impose even more restrictions on the manufacturer's choice by claiming that the living-space side vapor barrier should not have been used with certain unspecified "wall cavities and external coverings or sheathing and/or ventilation systems." But, federal law places no restrictions on the manufacturer's choice under § 3280.504(b). As a result, plaintiffs' new allegations are still preempted.

In addition, plaintiffs' new allegations are not entitled to protection by amendment. Plaintiffs offer no explanation for why their new facts and theories were omitted from their original complaint. The absence of an explanation leads inescapably to the conclusion that they were strategically omitted because they would hinder class certification. After learning that their "singular construction choice" theory was preempted, plaintiffs are now trying to circumvent preemption through a vague and conclusory "totality of construction choices"

1

theory. Such a strategy represents the classic "presentation of theories seriatum" and is not entitled to protection by amendment.

## II. FACTS

**A.    Course of Proceedings:**

Plaintiffs filed their original complaint on June 28, 2005, but did not allege that the wall cavities, external sheathing or ventilation systems in their home were improperly designed or constructed, or that their home experienced negative pressure. The only defect plaintiffs alleged in the original complaint was that defendants' constructed their home in accordance with 24 C.F.R. § 3280.504(b)(1) by placing a vapor barrier on the living-space side of the exterior walls in a home sold in a hot and humid climate.

Defendants were served with the complaint on October 17, 2005, and filed the motion to dismiss based on preemption on November 7, 2005, at which time plaintiffs were fully apprised of all the reasons why defendants claimed the complaint was preempted. Plaintiffs filed their opposition on November 25, 2005. The only argument they advanced was that their claims were not preempted because:

> The current requirements of the MHCSS, including the waiver, do not prohibit or require the use of 3280.504(b)(1) construction. **As alleged, the construction of exterior walls in accordance with 3280.504(b)(1) results in excessive moisture condensation and damages to mobile homes in Louisiana.** This fact is a prima facie indication that such construction practice is in violation of accepted engineering practices.[1] (Emphasis added.)

At the July 10, 2006, hearing on the motion to dismiss, this Court repeatedly questioned plaintiffs' counsel about the "essence" of plaintiffs' complaint, and plaintiffs' counsel consistently declared that plaintiffs' "real fight" with defendants was over the

---

[1]Plaintiffs' Consolidated Opposition to Defendants' Rule 12(b)(6) Motions to Dimiss, at p. 10.

2

singular decision to place a vapor barrier on the living-space side of the wall in homes sold in hot and humid climates.[2] Plaintiffs' argued that defendants should have selected one of the other options under § 3280.504(b), and that the failure to do so violated the general durability standard set forth in § 3280.303(b) and constituted a redhibitory defect.[3] No other design or construction defect was alleged or argued by plaintiffs.

At the conclusion of the hearing, this Court advised that it was considering three possible rulings: (1) ordering plaintiffs to amend; (2) deciding the motion and, if it was decided adverse to plaintiffs, allowing plaintiffs an opportunity to amend; or (3) granting the motion without affording plaintiffs an opportunity to amend.[4] Thereafter, plaintiffs orally requested an opportunity to amend if the Court ruled against plaintiffs on the motion. While

---

[2]Transcript of the July 10, 2004 Hearing (hereinafter "Transcript"), at p. 34, beginning at line 13:

Mr. McNeely:   ... I wouldn't be here today if they used the other options.

The Court:   That's the essence of your argument, right?

Mr. McNeely:   Yes.

[3]Transcript, at pp. 37-38, beginning at line 24:

The Court:   If it does not meet the performance standard, but does meet a specific design standard, it is redhibitory.

Mr. McNeely:   Yes. If its an option that is not required, and they have a choice, and then if they go ahead despite the knowledge that they know it creates a problem, it is a redhibitory defect.

*        *        *

The Court:   Do you concede that Champion had to choose on of those three?

Mr. McNeely:   Yes.

The Court:   All right. So your real fight here is that they were given three options and they chose the wrong one.

Mr. McNeely:   Yes.

[4]Transcript, at pp. 58-59.

the Court expressed a willingness to allow plaintiffs' such an opportunity, the amendment contemplated at the hearing is not what plaintiffs have now filed.

During the hearing, the Court directed plaintiffs' attention to the fact that the original complaint did not allege that defendants should have selected one of the other options authorized by § 3280.504(b) as plaintiffs had argued.[5]  Plaintiffs' also argued that the original complaint could be read as alleging that the use of vinyl-coated sheetrock to form the vapor barrier was improper, which prompted discussion about whether plaintiffs could amend to state a claim that was not preempted.[6]  But, as demonstrated at the hearing, plaintiffs alleged that the living-space side vapor barrier of "vinyl-coated sheetrock or other material"[7] was the defective design and construction feature.  In other words, regardless of the material, plaintiffs were singularly alleging that the placement of the vapor barrier on the living-space side of the exterior walls was defective.

---

[5]See Transcript, at pp. 36-38, concluding with the following exchange:

| The Court: | All right. So your real fight here is that they were given three options and they chose the wrong one. |
|---|---|
| Mr. McNeely: | Yes. |
| The Court: | Okay. And I didn't see it, but I don't remember specifically either. That is your allegation in the complaint. The allegation is not specific in that you chose A when in fact you should have chosen B or C, right? |
| Mr. McNeely: | I believe that to be true. You know - - |
| The Court: | Okay. |
| Mr. McNeely: | But I think that we have alleged that there were other options that would have obviated the problem. |
| The Court: | I think so, but I'm not sure in the context of a preemption argument that that's sufficient. ... |

[6]Transcript, at pp. 54-58.
[7]See Original Complaint, at para. 9.

Thus, the only amendment contemplated at the hearing that this Court could have arguably assented to, was that necessary to allege what plaintiffs argued, but had not alleged, i.e. that defendants should have selected one of the other two condensation control methods under § 3280.504(b) or that the use of vinyl-coated sheetrock as the vapor barrier was a violation of the HUD Code. This Court obviously concluded that this possible amendment would have been preempted and futile.

The reasons and judgment dismissing plaintiffs' claims were rendered January 26, 2007, nineteen (19) months after plaintiffs filed their complaint, fourteen (14) months after defendants filed their motions, and more than six (6) months after the hearing in which plaintiffs were warned that the motion might be granted without opportunity to amend. After this Court's decision and dismissal, Plaintiffs then moved to amend the Court's judgment, seeking an opportunity to amend their complaint. In the motion to amend, plaintiffs argue for the first time that the wall cavities, external sheathing "and/or" ventilation systems in their home, <u>together with</u> the living-space side vapor barrier, were improperly designed and constructed, causing negative pressure and moisture accumulation. Noticeably absent from plaintiffs' reasons for amending is any explanation about why these alleged defects were previously omitted.

**B.    Plaintiffs' Proposed Amendments:**

The plaintiffs summarize their amendments as follows:

> As the Court can readily discern, these proposed amendments of the complaint do not make substantive changes or additions to the allegations of the Original Complaint. Rather, the amendments clarify the description of the failure of the performance of the design and construction of Defendant's products in terms of the totality of construction choices made by Defendants; **not just one choice, that being an exterior wall constructed in conformity to 24 C.F.R. § 3280.504(b)(1), but the entire performance**

5

**design of the homes that are required to be free from excessive condensation and moisture accumulation with the attendant damages.**[8] (Emphasis added.)

If it is true that plaintiffs' proposed amendments make no substantive changes, then it is axiomatic that their claims are still preempted. Whether that is true is unclear. One view of plaintiffs' proposed amendments is that they are only attempting to place more restrictions on defendants' federally sanctioned choice about which condensation control method to use by alleging that the manufacturer should not have chosen to use the living-space side vapor barrier in combination with certain unspecified "wall cavities and external coverings or sheathing and/or ventilation systems." As shown below, under this view of the proposed amendments, their claims are still preempted.

The other possible view of plaintiffs' proposed amendments is that, contrary to their assertion, they are making substantive changes to their theory. In their own words, plaintiffs are now advancing a "totality of construction choices" theory, which is entirely different than the "single construction choice" theory they advanced before dismissal. Previously, plaintiffs' only theory for the claimed moisture in their walls was defendants' decision to construct their home in accordance with § 3280.504(b)(1). Now, under their new theory, plaintiffs are alleging that unspecified wall cavities, external sheathing "and/or" ventilation systems, in combination with the federally approved vapor barrier, are causing negative pressure and moisture accumulation in a new and entirely different fight with defendants.

---

[8]Memorandum in Support of Plaintiffs' Motions to Amend Judgment of Dismissal (Doc. 31) and for Leave to Amend Original Complaint (hereinafter Plaintiffs' Memorandum"), at p. 6.

Plaintiffs may be correct in claiming they are alleging nothing new because they fail to specifically allege any particular design or construction of the allegedly defective "wall cavities", "external coverings or sheathing" and "ventilation systems" used in their home.[9] As a result, plaintiffs allegations are vague, ambiguous and conclusory, and not entitled to consideration by this Court. By comparison, plaintiffs' original complaint alleged a specific design and construction defect, i.e. placement of a vapor barrier not greater than 1 perm (dry cup method) on the "living side" of the exterior walls in homes sold in hot and humid climates. In other words, plaintiffs are attempting to overcome preemption by being less specific and more vague and conclusory in their allegations. Interestingly, while plaintiffs fail to provide any details about the particular wall cavities, sheathing and ventilation systems used in their home, they nonetheless characterize those features by way of unwarranted deduction as "common design and manufacture defects". Importantly, this alleged vague defect still is combined with the use of the interior vapor barrier, which this Court correctly found to be a preempted claim.

Under this alternate view of plaintiffs' proposed amendments, they allege an entirely new vague and conclusory "totality of construction choices" theory without explanation for why it was not alleged before their "singular construction choice" theory was dismissed. Such amendments are simply not entitled to protection under the extraordinary remedy of post-judgment amendment and are still preempted.

---

[9]See plaintiff's Proposed Amended Complaint, at para. 9. In addition, plaintiffs' allegations are very ambiguous in the context of this litigation. For example, Redman and Champion are unable to determine whether plaintiffs' use of the terms "ventilated" or "ventilation systems" are references to "passive ventilation", "mechanical ventilation" or a combination of both passive and mechanical ventilation systems. All three systems are permitted by the HUD Code, see 24 C.F.R. § 3280.103(b)(3) and have been used by Redman in the construction of their products during the time frame for which plaintiffs are attempting to certify a class.

### III. STANDARDS OF REVIEW

**A.    Motions to Amend Judgments Under Rule 59(e):**

Plaintiffs file their motion pursuant to Fed R. Civ. Proc. 59(e).  The standard of

review for Rule 59(e) motions is:

> A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002). **This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.** *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990).  **Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."** *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). **Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.** *Clancy v. Employers Health Ins. Co.,* 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)).

*Templet v. Hydrochem, Inc.,* 367 F.3d 473, 478-479 (5th Cir. 2004), *cert. denied,* 543 U.S.

976, 125 S. Ct. 411, 160 L. Ed. 2d 352.

In *Templet* the Fifth Circuit denied the plaintiffs' Rule 59(e) motion, stating:

> We have held that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.  *Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991).  In this case, the underlying facts were well within the Irvins' knowledge prior to the district court's entry of judgment.  However, the Irvins failed to include these materials in any form of opposition or response to the Defendants' motion for summary judgment.  Although the Irvins correctly point out that they were not represented by counsel for approximately five months between March and August 2002, they were represented by counsel, George Tucker, before the Defendants filed their motion for summary judgment and after the district court subsequently granted the motion. [Footnote omitted.]
>
> By denying the Irvins' motion for reconsideration, the district court's decision is not manifestly unjust in law or fact, nor does it ignore newly discovered evidence.  The district court reasonably determined that the facts

8

in this case do not warrant the extraordinary relief associated with the granting of a motion for reconsideration. Therefore, the district court did not abuse its discretion in denying the Irvins' Rule 59(e) motion.

367 F.3d at 479-480. (Emphasis added.)

## B.    Motions to Amend Pleadings:

A very similar standard of review applies to motions to amend pleadings after dismissal is granted. In *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) the Fifth Circuit refused to allow a post-summary judgment amendment of the pleadings, stating:

> After the motions to dismiss and motions for summary judgment were taken under submission, plaintiffs moved to amend their pleadings to assert a shareholder derivative action by realigning the First Bank of Macon as a defendant, thereby invoking diversity jurisdiction under 28 U.S.C. § 1332. The district court denied leave to amend as untimely filed. Our review is limited to determining whether the trial court abused its discretion in this denial. *Harkless v. Sweeny Ind. Sch. Dist. of Sweeny, Tex.,* 554 F.2d 1353, 1359 (5th Cir.), *cert. denied*, 434 U.S. 966, 98 S. Ct. 507, 54 L. Ed. 2d 452 (1977). In exercising its discretion the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). **All of this leads us to the difficult task of "assur(ing) a party a fair opportunity to present his claims and defenses," while at the same time protecting a "busy district court (from being) imposed upon by the presentation of theories seriatim."** *Freeman v. Continental Gin Company,* 381 F.2d 459, 469 (5th Cir. 1967). At some point in time delay on the part of a plaintiff can be procedurally fatal. In that situation the plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect," *Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co.,* 146 F.2d 165, 167 (8th Cir. 1945), a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists. The instant case admittedly presents a difficult question as to whether leave to amend should have been granted. However, we are not prepared to say that the denial by the district court constituted an abuse of its discretion. In *Freeman* we concluded that there was no abuse in the disallowance of an amendment to the pleadings offered after summary judgment had been granted. The differences in the request and timing in Freeman and in the case at bar are not significant enough to mandate a different result. The rationale of the

holding in Freeman that there was no abuse of discretion in refusing to allow an amendment changing the theory of the case after a summary judgment was granted applies to the case sub judice.

634 F.2d at 202-203. (Emphasis added.)

Likewise, in *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982), the Fifth Circuit denied a post-judgment motion to amend, stating:

Under Fed. R. Civ. Proc. 15(a), permission to amend "shall be freely given when justice so requires." The rule, however, "is not a mechanical absolute." *Freeman*, 381 F.2d at 468 (*quoting Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)). The decision whether justice requires amendment is committed to the discretion of the district judge, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981), reversible only for an abuse of discretion, *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981). In the exercise of its discretion, the district court may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment.

In the instant case, Woods sought to amend his answer more than a year after suit was filed and nearly two years after he was notified of default. Discovery had been completed. Woods had already amended his answer once after Union Planters had moved for summary judgment. The second attempt to amend came after the court had granted that motion.

**"A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."** *Freeman*, 381 F.2d at 469. **Further, after summary judgment has been granted, the court has "even more reason for refusing to allow amendment."** *Id.; Gregory*, 634 F.2d at 203. **"Then, the concerns of finality in litigation become more compelling, and the litigant has had the benefit of a day in court, in some fashion, on the merits of his claim,"** *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981).

Similarly, in *Trinity Carton Company, Inc. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194-195 (5th Cir. 1985), the Fifth Circuit ruled:

Refusal of leave to amend is reviewable on an abuse of discretion standard. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir.

1983).    Discretionary denial of leave to amend must be based on a "substantial reason," *Wedgeworth*, 706 F.2d at 546; *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), including undue delay n16, bad faith or dilatory motive, or undue prejudice to the opposing party. *Foman*, 371 U.S. at 182, 83 S. Ct. at 230; *Dussouy*, 660 F.2d at 597-98 (5th Cir. 1981). Post-verdict or -judgment amendments are occasionally allowed, but where they may substantially prejudice the other party or **are merely the result of a long and unreasonable delay, particularly if the movant was aware of the facts upon which the amendment is predicated and could have raised the matter before judgment, such amendments properly may be denied.** *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982); *see also Combee*, 615 F.2d at 700.

> n16 The proposed amendment must be timely: it must not have been delayed solely for the purpose of gaining a tactical advantage. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163-64 (5th Cir. 1982). Undue delay alone may be sufficient to foreclose amendment. *Dussouy*, 660 F.2d at 598-99. *See also, Chitimacha Tribe*, 690 F.2d at 1163; *Morgan Guaranty Trust Company of New York v. Blum*, 649 F.2d 342, 345 & n.4 (5th Cir. 1981); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981); *Dave v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981).

Falstaff did not previously plead or otherwise raise, as by motion or in the pretrial order, any of the matters contained in its post-verdict proffered pleading amendments. It necessarily was put on notice by the very nature of the suit that these matters of affirmative defense would be relevant to, if not potentially controlling of, the determination of liability. Falstaff makes no claim, and the record does not suggest, that it was unaware of any facts which form the bases of these defenses; nor does Falstaff offer any excuse beyond an assertion made at oral argument, which, when unveiled, is only that it did not expect to lose. It chose to postpone assertion of these grounds of defense over three years after the suit was filed, and nearly three and one-half months after the jury's verdict assessing liability had been entered. There is simply no justification for such delay. This Circuit has expressly disallowed the use of seriatim theories of defense. *Union Planters*, 687 F.2d at 121; *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469-70 (5th Cir. 1967); *see also Ford Motor Co. v. Auto Supply Co., Inc.*, 661 F.2d 1171, 1172 (8th Cir. 1981) (post-summary judgment motion to amend answer denied when it was "transparent attempt to manufacture a defense after [defendant's] liability had already been established"). Under these circumstances, it worked no miscarriage of justice, nor was it an abuse of the district court's discretion, to deny Falstaff's belatedly proposed pleading amendments.

11

The common thread in these decisions is *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469-70 (5th Cir. 1967), which, after reciting the principles cited above, declared:

> We hold that a district court does not abuse its discretion in refusing to allow an amendment of pleadings to change the theory of the case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for failure to present the new theory at an earlier time.

Finally, in *Matte v. Sunshine Mobile Homes, Inc.,* 270 F.Supp.2d 805 (W.D. La. 2003), an attempted class action strikingly similar to the one presently under consideration, filed in the Federal District Court for the Western District of Louisiana only a few years ago, United States Magistrate Judge Mildred E. Methvin rejected plaintiffs' request for an opportunity to amend raised <u>before</u> dismissal of the action under Fed. R. Civ. Proc. 12(b)(6) for lack of standing, stating:

> The undersigned has had the subject motions under advisement for several months due to the complexity of the issues presented. At no time have plaintiffs sought leave to amend the complaint to correct the deficiencies pointed out by the motions to dismiss.
>
> In exercising its discretion to allow amended pleadings, the court may consider such factors as undue delay, prejudice to the opposing parties, and futility of the proposed amendment. *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382 (5th Cir. 1985), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 222 (1962); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Considering these factors, and for the reasons discussed, there is no justification for allowing amendment of the pleadings.

270 F.Supp.2d at 830-831.

As in *Matte*, for this reason alone, plaintiffs' motion should be denied.

**C.    Motions to Dismiss Under Fed. R. Civ. Proc. 12(b)(6):**

The standard of review applicable to motions to dismiss under Fed. R. Civ. Proc. 12(b)(6) is:

12

> On a [Rule 12(b)(6)] motion to dismiss, this Court must construe the factual allegations in a complaint, and all reasonable inferences therefrom, in the light most favorable to the plaintiffs. [Citations omitted] A motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*     *     *

> However, mere conclusory allegations will not suffice to prevent a motion to dismiss. [Citations omitted.]

*Kapps v. Torch Offshore, Inc.,* 379 F.3d 207, 210 (5th Cir. 2004).

## IV. ARGUMENT

**A.    Plaintiffs' Attempt to Impose Additional Restrictions Through State Law Liability on Defendants' Federally Sanctioned Decision to Use the Living-Space Side Vapor Barrier is Still Preempted.**

Plaintiffs attempt to circumvent this Court's ruling that their vapor barrier claims are preempted by changing their allegations from a "singular defect" theory to a "totality of construction choices" theory. Plaintiffs' proposed amendments are still preempted.

Plaintiffs' are simply trying to impose more restrictions on the manufacturer's federally sanctioned choice about which condensation control method to use. In the original complaint, plaintiffs attempted to eliminate the federally sanctioned choice in 24 C.F.R. § 3280.504(b) by claiming that § 3280.303(b) implicitly imposed geographic limitations on the use of living-space side vapor barriers in hot, humid climates. In their proposed amendment plaintiffs are now trying to impose even more restrictions on the manufacturer's choice about which condensation control method to use by claiming that § 3280.303(b) implicitly imposes restrictions on the use of vapor barriers in combination with certain unspecified "wall cavities and external coverings or sheathing and/or ventilation systems" in hot, humid climates.

13

The federal law imposes NO restrictions on a manufacturer's choice to use any of the three (now four since May 2006) condensation control methods for construction of external walls as set forth in § 3280.504(b).  A manufacturer must use one of the three (now four) methods, but the choice concerning which one to use is unrestricted.  The history behind the federal government's decision not to impose any restrictions on the manufacturer's choice authorized by § 3280.504(b) was reviewed by this Court in its reasons for dismissing plaintiffs' original complaint and clearly demonstrates that HUD intentionally avoided imposing any restrictions on that choice due to significant debate over the issue.  Thus, as long as plaintiffs continue trying to impose state law liability, in whole or in part, upon a manufacturer for choosing Option 1 under § 3280.504(b), their claims are preempted.

> Whenever a Federal manufactured home construction and safety standard established under this title [42 U.S.C. §§ 5401, et seq.] is in effect, no State or political subdivision of a State shall have any authority to establish, or continue in effect, with respect to any manufactured home covered, any standard regarding construction or safety applicable to the same aspect of performance of such manufactured home **which is not identical to the Federal manufactured home construction and safety standard.** (Emphasis added.)

42 U.S.C. § 5403(d). (See also, 24 C.F.R. § 3282.22(a)).

Plaintiffs' proposed amendments still obstruct federal law by trying to use Louisiana law to impose a non-identical version of § 3280.504(b) upon defendants. They claim the federally sanction choice in 504(b) is restricted by other design and construction choices the manufacturer makes regarding certain unspecified "wall cavities, external sheathing and/or ventilation systems" in the construction of homes sold in hot, humid climates.  No such restrictions are evident in the federal statutes or regulations, or their histories.  As a

result, plaintiff's proposed amendments are still preempted and the motion to amend the judgment of dismissal should be denied.

**B.    Plaintiffs' New "Totality of Construction Choices" Theory is Not Protected by the Extraordinary Remedy of Post-Judgment Amendment.**

Plaintiffs were fully apprised of all of the grounds upon which defendants sought dismissal of their complaint in November 2005. As discussed in Section I(A) above, plaintiffs never alleged or argued that their vaguely described wall cavities, external sheathing "and/or" ventilation systems were defective until after their complaint was dismissed. Plaintiffs also did not allege or argue before dismissal that any design or method of construction created "negative air pressure" in their home. There was no mention of their new "totality of construction choices" theory before dismissal. Rather, their "real fight" with defendants pre-dismissal was over the singular decision to use Option 1 under Section 3280.504(b) in hot and humid climates, instead of Option 2 or 3.

The reasons and judgment dismissing plaintiffs' claims were rendered nineteen (19) months after plaintiffs filed their complaint, fourteen (14) months after the Rule 12(b)(6) motion was filed, and more than six (6) months after the hearing at which this Court warned that the motion might be granted without opportunity to amend. Plaintiffs offer no explanation for why they failed to allege or argue their "totality of construction choices" theory before dismissal.

The mere fact that this Court indicated a willingness to allow plaintiffs an opportunity to amend to allege what they argued at the hearing should not relieve plaintiffs of their obligation to have alleged their new facts and theories before dismissal was granted. Plaintiffs have not identified any justifiable excuse for their delay in presenting their new

15

allegations or any "manifest errors of law or fact or ... newly discovered evidence[,]" *Templet*, supra., that would justify granting their request for the very narrow and extraordinary relief of amending this Court's judgment.

The "if you rule against me, give me a chance to amend" argument is characteristic of dilatory strategic tactics and the "presentation of theories seriatum" that is not entitled to protection by amendment. See *Gregory*, *Union Planters*, *Trinity Carton*, and *Freeman*, supra. In that regard, the conclusions of Magistrate Judge Methvin in *Matte*, supra, are just as applicable to the plaintiffs' motion in this case:

> The undersigned has had the subject motions under advisement for several months due to the complexity of the issues presented. At no time have plaintiffs sought leave to amend the complaint to correct the deficiencies pointed out by the motions to dismiss.
>
> In exercising its discretion to allow amended pleadings, the court may consider such factors as undue delay, prejudice to the opposing parties, and futility of the proposed amendment. *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382 (5th Cir. 1985), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 222 (1962); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Considering these factors, and for the reasons discussed, there is no justification for allowing amendment of the pleadings.

Under the laws, facts and circumstances, Plaintiffs' new theory that tries to combine vague wall cavity or negative air pressure allegations with the preempted claim of interior vapor barrier construction should be denied.

## C.    Plaintiffs' Proposed Amendment is Vague, Conclusory and Still Preempted.

Plaintiffs' proposed amendments are deficient. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) states that to avoid dismissal for failure to state a claim "a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact." 224 F.3d at 498.

16

The court then dismissed for failure to state a claim. Plaintiffs' new allegations in this case are no more specific than those in *Collins*.

Plaintiffs ask this Court to accept that some unspecified defective design or construction of the wall cavities, external sheathing "and/or" ventilation systems in their home, <u>in conjunction with</u> the HUD-authorized vapor barrier, cause negative pressure and moisture in exterior walls in hot, humid climates. But, the only specific design or construction method plaintiffs have alleged is defendants' use of the vapor barrier on the living-space side of the wall. By failing to provide any specifics concerning the alleged design and construction flaws, the only allegations this Court can consider are those relating to the federally approved vapor barrier. In other words, plaintiffs' proposed amendments are futile and still preempted.

Finally, plaintiffs' new allegations are made even more ambiguous and conclusory by their use of the alternatively conjunctive and disjunctive phrase "and/or".[10] Read plainly, plaintiffs' proposed amended complaint alleges that the federally approved use of living-space side vapor barrier in hot, humid climates, possibly in conjunction with defective, unspecified wall cavities, or possibly in conjunction with defective, unspecified external sheathing, or possibly in conjunction with defective, unspecified ventilation systems, or possibly in conjunction any two of them or all three, allegedly cause excessive moisture in their walls. As noted by the court in *Old Time Enterprises, Inc. v. International Coffee Corporation*, 862 F.2d 1213, 1219 (5th Cir. 1989), unclarified generalities and conclusory

---

[10]See Plaintiffs Proposed Amended Complaint, at paragraph 9, cited infra, stating in relevant part: "Specifically, the defective manufactured homes use a design that incorporates a vapor barrier on the 'living side' of the wall structures combined with wall cavities and external coverings or sheathing **and/or** ventilation systems that causes moisture to accumulate and remain in the wall cavities of manufactured homes for sale and use in Louisiana - a Gulf State known for hot and humid climactic conditions. ..."

17

allegations, together with alternative "and/or" allegations, are the type of pleading tactics that can result in a complaint failing to comply with Fed. R. Civ. Proc. 8(a) and (e). In this case, plaintiffs use of non-specific, ambiguous, conclusory and alternative allegations demonstrates the futility of their amendment because the only "real fight" they continue to allege with Redman and Champion is over the decision to place a vapor barrier on the living-space side of their exterior walls in accordance with the HUD Code, which as this Court correctly found are preempted.

## V. CONCLUSION

Plaintiffs' attempt to circumvent preemption by requesting the opportunity to file amendments that only further restrict the manufacturer's federally sanctioned choice to use Option 1 under § 3280.504(b) should be denied. Plaintiffs' proposed amendment is still an effort to impose state law liability upon a manufacturer for what the federal government authorized the manufacturer to do. Federal law imposes none of the restrictions on the manufacturer's choice to use the living-space side vapor barrier that plaintiffs are attempting to impose through common law liability. As a result, plaintiffs' claims are still preempted and their motion to amend the judgment dismissing their claims should be denied.

Additionally, plaintiffs' belated attempt to manufacture a claim that is not preempted should not be allowed. Plaintiffs never previously argued the new purported theory they are now trying to allege, and no explanation has been offered for why their "totality of construction choices" theory was not alleged or argued before dismissal. In addition, they have not articulated a non-conclusory factual theory of defect that survives preemption. While apparently trying to shift the focus of their cause of action from the singular

18

placement of the vapor barrier to a purported complex system of multiple and varied construction choices involving the vapor barrier, wall cavities, external sheathing and ventilation systems, plaintiffs merely describe the alleged defects in vague and conclusory fashion. They then characterize their non-specific allegations as "common design and manufacturing defects," all in a futile attempt to allege some non-preempted commonality where there is none. Simply put, plaintiffs' have not presented any factual or legal basis for granting them the extraordinary remedy of post-judgment amendment.

Redman and Champion pray that plaintiffs' Motion to Amend Judgment of Dismissal and for Leave to Amend Original Complaint be denied.

RESPECTFULLY SUBMITTED

**VOORHIES & LABBÉ**
(A Professional Law Corporation)


/s/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
700 St. John Street
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Redman Homes, Inc.

19

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2007, a copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion to Amend Judgment of Dismissal (Doc. 31) and for Leave to Amend Original Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

Hugh E. McNeely, hemcneely.atty@yahoo.com

by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

C. Gibson Vance
Beasley Allen, et al,
272 Commerce Street,
Montgomery, AL 36103-4160

/S/ Lamont P. Domingue
Lamont P. Domingue - #20787
Post Office Box 3527
Lafayette, Louisiana 70502-3527
Telephone: (337) 232-9700
ATTORNEYS FOR Redman Homes, Inc. and
Champion Enterprises, Inc.

20