UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

RUSSELL J. GUIDROZ, JR., ET AL.,    :    DOCKET NO. 05-01148
                                    :
              Plaintiffs,           :
                                    :
vs.                                 :    May 17, 2007
                                    :
CHAMPION ENTERPRISES, INC., ET AL., :
                                    :
              Defendants.           :    Lafayette, Louisiana

REPORTER'S OFFICIAL TRANSCRIPT OF THE HEARING
BEFORE THE HONORABLE C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

FOR THE PLAINTIFFS:       HUGH E. MCNEELY
                          Hagens, Berman, et al.
                          1 Main St., 4th Floor
                          Cambridge, MA  02142

FOR THE DEFENDANTS:       LAMONT P. DOMINGUE
                          Voorhies & Labbe
                          P.O. Box 3527
                          Lafayette, LA  70502

REPORTED BY:              LARAE BOURQUE, RPR, CRR
                          United States Court Reporter
                          800 Lafayette Street, Ste. 3103
                          Lafayette, Louisiana  70501

COPY

```
 1                    P R O C E E D I N G S
 2                         (Call to order of the court.)
 3           THE COURT:  Good morning, gentlemen.
 4           All right, gentlemen.  We're going to take up Guidroz
 5   vs. Champion Enterprises first, 05-1148.
 6           Counsel make your appearances, please.
 7           MR. MCNEELY:  Your Honor, Hugh McNeely on behalf of the
 8   plaintiffs.
 9           MR. DOMINGUE:  Lamont Domingue on behalf of the
10   defendants.
11           THE COURT:  Mr. McNeely.
12           MR. MCNEELY:  Yes, sir.
13           THE COURT:  I owe you an apology.
14           MR. MCNEELY:  Well, I don't know about that.
15           THE COURT:  Well, I do.  I told you I was going to do
16   something and then I forgot completely about it.
17           MR. MCNEELY:  Yes, sir.
18           THE COURT:  So I apologize to you.  I apologize
19   forgetting about you, for forgetting about what I told you.  I
20   don't apologize for the opinion, which I happen to think was
21   right, but I do apologize for not allowing you your opportunity
22   to amend which I told you I was going to do.  I have no excuse
23   for that.
24           This was an opinion that Janet and I agonized over for
25   a long time.  It's a hard case and it was a hard opinion to
```

1  write.  She and I don't normally agonize.  We usually argue.  In
2  this one we agonized.
3      I believe the conclusion I reached was the correct one
4  under the circumstances, but it was the passage of that time in
5  trying to get the opinion right that it just simply slipped my
6  mind what I had told you I was going to allow you to do.  So I
7  apologize.  I apologize for that.  Under the circumstances --
8  Mr. Domingue, I'll let you say something before I rule against
9  you if you'd like.
10      MR. DOMINGUE:  No, Your Honor.  We'll just file the
11  motion following the allowance of the amendment.
12      THE COURT:  All right.  This is what I'm going to do.
13  I'm going to grant your motion to alter judgment in this way.  I
14  am going to amend the judgment so as to make it a partial
15  judgment of dismissal on the claims asserted in the original
16  complaint so I don't have to go through that again, Mr. McNeely.
17      I will then allow the amendment to the -- I probably
18  ought to do it the other way around just to make sure the case
19  doesn't get dismissed.  First, (a), I'm going to amend the
20  amendment; (b), I'm going to grant the motion to alter and amend
21  the judgment so as to provide that the judgment is a partial
22  dismissal of those claims filed in the original complaint.  And
23  we'll deal with the amended complaint as soon as y'all file them.
24  Okay?
25      Does that solve -- does that get us there, Mr. McNeely?

1    MR. MCNEELY: It certainly gets us down the road, and
2  I'll -- as far as the dismissal relative to what was in the
3  original complaint, you know, that's -- I'll have to think about
4  that, but I understand what you're doing.
5    THE COURT: Well, I just don't want to have to -- I
6  don't want to have to reinvent that wheel, and I think that the
7  initial claim that you pled -- or I'll put it this way. The
8  claim that you pled in the initial complaint I believe to be
9  peremptory.
10    We'll see if the amending complaint gets you past that,
11  but to the extent that the amending complaint incorporates those
12  allegations found in the original complaint, I believe that is
13  preempted and that's why I'm going to make it a partial
14  dismissal. That's the intent of what I'm trying to get done, and
15  then we'll take a look at -- we'll take a look at the amended
16  pleading after that.
17    MR. MCNEELY: Very good.
18    THE COURT: Okay. Mr. Domingue, I assume that we're
19  going to get another 12(b)(6) motion.
20    MR. DOMINGUE: I would assume that to be the case, Your
21  Honor.
22    THE COURT: Y'all have discussed, as I understand it,
23  settling the case and that just didn't work out.
24    MR. DOMINGUE: That's correct, Your Honor.
25    THE COURT: Would it -- do either one of you think it

1  would be of benefit to either you or your clients for me to order
2  further mediation in the case?
3          MR. DOMINGUE:  I did not participate in the mediation
4  that took place.  It involved other claims existing in other
5  states as well, Your Honor.
6          THE COURT:  I understand.
7          MR. DOMINGUE:  And so I would have to talk to my client
8  as to whether they thought it --
9          THE COURT:  No.  That's all right then.  If the intent
10 was to settle these claims outside -- or claims that exist
11 outside of this lawsuit, which it sounds like it was, I'm not
12 going to get myself involved in that.
13         MR. DOMINGUE:  It was all claims, whether it was in
14 Louisiana, Alabama or wherever.
15         THE COURT:  On behalf of my fellow brethren on the
16 bench, we'd probably like to see you do that.
17         MR. MCNEELY:  Judge, I think it certainly is
18 worthwhile.  We'll have some more discussions relative to whether
19 we feel like mediation would be helpful, and we'll certainly let
20 you know whether or not that --
21         THE COURT:  Okay.  That's fine.  I think you continue
22 to have a tough row to hoe, Mr. McNeely.  You know, sharpen up
23 your hoe and go after it.  And I'm certainly not prejudging it
24 because I really haven't read with any detail at all the amended
25 complaint, only to such -- only in such detail as I thought I

| | |
|---|---|
| 1 | might have to to deal with Mr. Domingue's argument that the |
| 2 | amendment would be without benefit, and certainly it isn't that. |
| 3 | So I've read enough to know that you get past that hurdle anyway. |
| 4 | Whether you win in the end or not, I don't know, but, like I say, |
| 5 | sharpen up your hoe and take your best shot. |
| 6 | MR. MCNEELY: Your Honor, that's how we make our money, |
| 7 | how we earn it. |
| 8 | THE COURT: That's how we earn it. Sometimes we make |
| 9 | it differently, but that's how we earn it. Just ask these guys |
| 10 | behind you. Thank you very much, gentlemen. You're excused. |
| 11 | Hold on a second, Mr. McNeely. |
| 12 | MR. MCNEELY: Yes, sir. |
| 13 | THE COURT: Janet pointed out to me that the case is |
| 14 | not set for trial and I don't want it to fall through -- I don't |
| 15 | want it to fall through the cracks. I tell you what we'll do. |
| 16 | Can you -- if you're going to file a 12(b) motion, can you do it |
| 17 | in 15 days? |
| 18 | MR. DOMINGUE: Yes, Your Honor. |
| 19 | THE COURT: Let's do it that way. I'm going to order |
| 20 | you to file your 12(b)(6) motion within 15 days in default of |
| 21 | which we will set a scheduling order. Does that work for |
| 22 | everybody? |
| 23 | MR. MCNEELY: Yes, sir. |
| 24 | THE COURT: Otherwise, if we don't do that, I'll commit |
| 25 | an error of faux pas, lack of memory number two in this case, and |

1   it will sit here forever.  So we'll do it that way.  Thank you,
2   gentlemen.
3           MR. DOMINGUE:  Thank you, Your Honor.
4           MR. MCNEELY:  Thank you.
5                                   (Hearing adjourned.)
6                       — — —

8

```
 1                UNITED STATES DISTRICT COURT
 2                WESTERN DISTRICT OF LOUISIANA
 3                LAFAYETTE-OPELOUSAS DIVISION
 4
 5   RUSSELL J. GUIDROZ, JR., ET AL.    :
                                        :
 6   vs.                                :   DOCKET NUMBER 05-1148
                                        :
 7   CHAMPION ENTERPRISES, INC., ET AL. :
 8   ─────────────────────────────────────
 9                    CERTIFICATE OF REPORTER
10        I, LaRae E. Bourque, Official Court Reporter for the
11   United States District Court, Western District of Louisiana,
12   do hereby certify that the foregoing 7 pages are a true and
13   accurate transcript of the proceedings had in this matter,
14   as hereabove set forth, and that I have no interest of any
15   nature whatsoever regarding the ultimate disposition of this
16   litigation.
17        I further certify that the transcript fees and format
18   comply with those prescribed by the Court and the Judicial
19   Conference of the United States.
20
21
22                              _____
                                LARAE E. BOURQUE, RPR, CRR
23                              Official Court Reporter
24
25
```