**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| **HAROLD KELLY MURPHY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No.: 2:06-cv-618-MEF |
| | ) |
| **SOUTHERN ENERGY HOMES, INC.,** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**MOTION TO SUPPLEMENT THE RECORD WITH AUTHENTICATED
AGENCY OPINION**

COMES NOW the Defendant, Southern Energy Homes, Inc. ("Southern"), and respectfully moves this Honorable Court for an order granting Southern leave to supplement the record with an authenticated agency opinion prepared by the U.S. Department of Housing of Urban Development. As grounds therefor, Southern submits the following:

1.  This Court presently has before it a Motion for Judgment on the Pleadings filed by Southern. In the Motion, Southern urges this Court to dismiss this case in-full, on grounds that Plaintiff's claims are preempted under federal law.

2.  In Plaintiff's brief opposing the entry of the motion, Plaintiff argued a point of law, that Southern's construction design violated HUD Code. Specifically, Plaintiff argued that the general provision of the HUD Code, which requires all homes to be built in conformity with generally accepted engineering practices, should be interpreted by this Court to foreclose the use of interior vapor barriers in homes sold into southern states. 24 C.F.R. § 3280.303(b) and § 3280.504(b)(1). This is a novel

argument, as the HUD Code has never been interpreted by any court or HUD to permit the general engineering provisions set forth in Section 3280.303(b) to overcome and to simply repeal other sections of the HUD Code.

3. In response to this argument, Southern submitted into evidence an opinion written by William W. Matchneer, III, who is the Associate Deputy Assistant Secretary for Regulatory Affairs in Manufactured Housing at HUD. In that letter, Mr. Matchneer opines that Section 3280.303(b) should not dictate a manufacturer's practices regarding the placement of vapor barriers under Section 3280.504(b). This letter constitutes an informal agency opinion under law, and the court should give it weight. *Skidmore v. Swift*, 323 U.S. 124, 134 (1940)("the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."); *Britton v. Weiss*, No. 89-CV-143, 1989 U.S.Dist. LEXIS, 14610, at *10 (N.D. N.Y. 1989)(agency opinions related to statutory construction are entitled to substantial weight).

4. Plaintiff moved to strike the letter from evidence on grounds that the letter was irrelevant, constituted inadmissible hearsay, and was inauthentic. Southern will address each of these arguments, in turn, in its opposition to plaintiff's motion to strike, filed contemporaneously herewith. However, in response to this Motion, Southern has obtained a sealed authentication certificate from Theodore Ford, Director of HUD. (*See*

HUD opinion and sealed authentication certification attached hereto as **Exhibit "A"**). The authentication document bears the seal of the United States of America, and correctly authenticates the letter under Fed.R.Evid. 902 (2).

5. This Court should receive this letter into evidence as it sets forth HUD's position with respect to the legal issue being litigated here, which is "can the general provision of the HUD Code, Section 3280.303(b) overcome a specific provision, Section 3280.504(b), and create liability for a manufacturer?" *See Arriaga v. Florida Pacific Forms, LLC*, 305 F.3d 1228, 1238 (11th Cir. 2001) (holding the Court erred in its summary judgment decision by failing to consider informal agency opinion, which is a proper area of guidance for a court to consider). Because this opinion *is* authentic and because it is relevant to legal issues central to this case, Southern respectfully requests that this Court grant Southern leave to supplement the record with the authenticated original HUD opinion.

WHEREFORE, PREMISES CONSIDERED, Southern respectfully requests that this Court grant Southern leave to file the authenticated original HUD opinion in support of Southern's Motion for Judgment on the Pleadings.

    Respectfully submitted,

/s W. Scott Simpson_____
W. Scott Simpson, Attorney for Defendant
Southern Energy Homes, Inc.

**OF COUNSEL:**

RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, Alabama 35216
Telephone: (205) 876-1600
Facsimile:  (205) 876-1616
Email: wssimpson@ritcheysimpson.com

Thomas W. Thagard, III
Edward S. Sledge, IV
MAYNARD, COOPER & GALES, P.C.
1901 6th Avenue North, Suite 2400
AmSouth/Harbert Plaza
Birmingham, Alabama  35203-2618
Telephone:    (205) 254-1000
Facsimile:    (205) 254-1999

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Charles Lance Gould**
  lance.gould@beasleyallen.com holly.stroh@beasleyallen.com
- **Carter Gibson Vance**
  gibson.vance@beasleyallen.com heidi.bowers@beasleyallen.com


    /s W. Scott Simpson
    Of Counsel