IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| **HAROLD KELLY MURPHY,** )  ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 2:06-cv-618-MEF |
| **SOUTHERN ENERGY HOMES, INC.,** ) et al., ) ) | |
| Defendants. ) | |

## <u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE</u>

COMES NOW the Defendant, Southern Energy Homes, Inc. ("Southern"), and opposes Plaintiff's motion to strike as follows:

### Introduction

The Plaintiff, Harold Kelly Murphy ("Murphy"), argues that the agency opinion prepared by the U.S. Department of Housing and Urban Development ("HUD Opinion"), which states that the plaintiff's novel legal theory is flawed, should be stricken from the court's record because it is "inauthentic," "inadmissible hearsay," and is "irrelevant." Murphy is wrong on all three counts. As discussed fully below, the opinion is an authentic informal opinion of HUD, which is due to be considered and given weight by this court. Furthermore, the record falls under a well established hearsay exception, which permits a court to consider official government documents. Finally, the letter is relevant because it is directly on-point, and controlling federal law requires a court to consider an informal agency opinion when interpreting federal regulatory law.

Murphy also asks this Court to strike from the record Southern's discussion of the procedural posture of the *Guidroz* case, a class action suit pending in the federal court for the Western District of Louisiana, where the court held that claims identical to those presented here are preempted. Southern provided this Court with complete copies of the *Guidroz* court orders and hearing transcripts. Southern stands by its characterization of the *Guidroz* case and by its citations to the record in that case. If this Court has any doubts about that case, it can refer to and rely (as Southern has) on the hearing transcript and the orders entered.

For the reasons discussed below, Southern submits that Murphy's motion to strike is due to be denied.

## The HUD Opinion Is Authentic

Murphy argues that the HUD Opinion should not be considered by this Court because it is not authentic. Murphy is wrong. In response to Murphy's claims, Southern has obtained a Sealed Authentication Certificate from Theodore Ford, Director of HUD. In that Certificate, Ford states that he has the authority to seal HUD documents, and that the letter is genuine. (See HUD Opinion and Sealed Authentication Certificate, attached hereto as Exhibit A)[1]

The HUD Opinion is admissible into evidence as a self-authenticating public document under Federal Rules of Evidence 902(2). Rule 902(2) provides that a document purporting to bear the signature in the official capacity of an officer or

---

[1] Southern has filed a pdf version of the HUD Opinion and the Sealed Authentication Certificate. Originals are maintained by the undersigned and can be provided either to the court or opposing counsel upon request.

2

employee of the United States may be authenticated by a public officer with the official seal, if such person attests to the genuineness of the signature on the document and states that the signing party has signed it in his official capacity. Fed.R.Evid.902(2). The Sealed Authentication Certificate complies fully with Rule 902; therefore, the HUD Opinion is authentic and should be deemed so by this Court.

### The HUD Opinion Is Admissible Under Fed.R.Evid. 803(8)

Murphy argues that the HUD Opinion is inadmissible hearsay. Murphy is wrong because he overlooks a well-established hearsay exception. Rule 803(8) of the Federal Rules of Evidence provides that "[r]ecords, reports, statements, or data compilation, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report" are excluded from the hearsay rule. This Court should hold that the HUD Opinion is excluded from the hearsay rule pursuant to Rule 803(8) since it qualifies as a "record, report or statement" of a "public official" that sets forth the opinions of HUD, which are both activities of HUD and matters observed pursuant to duty imposed by law (the HUD Opinion discusses the proper way to interpret the HUD Code, which is promulgated by HUD according to law, 42 U.S.C. § 5403).

Murphy's hearsay argument also overlooks the the fact that informal agency opinions are routinely reviewed and relied on by courts. *See e.g.*, *Skidmore v. Swift*, 323 U.S. 124, 134 (1940)("the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will

depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."); *Walker v. R & F Prop. of Lake County, Inc.*, 433 F.3d 1349 (11th Cir. 2005)(court relied on Medicare opinions); *Britton v. Weiss*, No. 89-CV-143, 1989 U.S. Dist. LEXIS, 14610, at *10 (N.D.N.Y. 1989)(agency opinions related to statutory construction are entitled to substantial weight); *Ortiz v. Rental Mgmt., Inc.*, 65 F.3d 335 (3rd Cir. 1995)(court relied on federal reserve board interpretive opinions). If agency opinions were "hearsay," as Murphy contends, then agencies could not serve their important function of rendering opinions on matters of statutory interpretation, where the statute is silent. Thus, agency opinions fall under the hearsay exception of Federal Rule of Evidence 803(8), and should be accorded weight as discussed in the *Skidmore* decision. *Arriaga v. Florida Pacific Farms, L.L.C.*, 305 F.3d 1228 (11th Cir. 2002)("[a]gency interpretations expressed in opinion letters must be viewed through the standard enunciated in *Skidmore*"); *Skidmore*, 323 U.S. at 134.

### The HUD Opinion is Relevant

Murphy argues that the HUD Opinion is not relevant to the issue of preemption. Murphy claims that the irrelevancy of the HUD Opinion is so obvious and so self-evident that our failure to recognize it renders us either "woefully ignorant" or intent on "purposefully misleading" this Court. (Murphy Motion to Strike, Doc. 44, p. 3) Respectfully, the gentleman "doth protest too much." (William Shakespeare's Hamlet, Act 3, Scene 2)

Murphy's ardent claim that the HUD Opinion is irrelevant is simply incorrect. Murphy, himself, raised the Section 3280.303(b) argument in his reply brief, arguing that

4

Southern violated this provision by constructing a home that is not durable, livable or safe. (Doc. 36-1. pp.21-22)  Obviously, the HUD Opinion goes right to the heart of this issue and therefore, is not only relevant, but directly on-point.

The record is undisputed that Murphy's home complies fully with Section 3280.504(b)(1).  Because Southern cannot be sued for following federal law, Murphy has argued that Section 3280.303(b) implicitly repeals Section 3280.504(b), at least in some states.  If Murphy's Section 3280.303(b) argument fails, then his entire case fails, because without this argument, Murphy is left with the undisputed fact that Southern complied with Section 3280.504(b) and cannot be successfully sued for doing so. *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998)( "a state cannot impose common law damages on individuals for doing what a federal act or regulation 'authorized them to do.'")(*quoting Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 318-320 (1981)).

In the *Guidroz* opinion, the court addressed the Section 3280.303(b) argument head-on, and held that the general provision of Section 3280.303(b) is trumped by the more specific code section – 3280.504(b). (Guidroz Opinion, pp. 16-18)  Thus, the only other federal court decision to address the preemption issue found that the Section 3280.303(b) argument was relevant and dispositive.  HUD obviously agrees, as it opined that Section 3280.303(b) should not be misapplied to hold a manufacturer liable for complying with Section 3280.504(b)(1). (HUD Opinion)

Thus, this Court should properly consider both the *Guidroz* decision and the HUD Opinion as persuasive authority on this point.

5

### There Is No Discovery Dispute

Murphy remarks in his motion that Southern withheld this letter and has not produced it in discovery. (Doc. 44, p.3, n.1) Not true. Southern and Murphy agreed that Southern would not be required to respond to written discovery until after the mediation, which took place in late April. The parties are currently negotiating a protective order for this Court to consider in order to protect Southern's proprietary documents. Murphy has not contended in writing or otherwise that Southern is dilatory in its responses. As this Court is well aware, a party may not seek court intervention on a discovery dispute until after the parties have exhausted attempts at informal resolution. Fed.R.Civ.P. 26. Southern submitted the HUD Opinion into evidence when it became appropriate to do so – *after* Murphy raised the Section 3280.303(b) argument for the first time in any pleading in his reply brief.

### This Court Should Not Consider Pages 4 and 5 of Murphy's Motion

On pages 4 and 5 of Murphy's motion to Strike, he randomly refers to unauthenticated, ungrounded publications without any basis, authority, or reliability and argues that these records support his Section 3280.303(b) argument. These documents do not aid the court, and are actually inadmissible hearsay. Rather than relying on extraneous publications, this Court should rely on controlling rules of statutory and regulatory construction, which compel the conclusion that specific regulations control general regulations, to the extent of a perceived conflict. *Guidroz*, at 17-18 (applying rules of statutory construction, the court held that the general regulation of Section 3280.303(b) cannot be used to control the specific regulation of Section 3280.504(b), which is "tailor made for" the facts of the case); *Tug Allie-B, Inc.* v. *United States*, 273

6

F.3d 936, 948 (11th Cir. 2001)(general code provisions cannot be utilized to supersede specific ones).

      For the reasons discussed herein, this Court should deny Murphy's Motion to Strike because the HUD Opinion is authentic, is not hearsay and is relevant.

                                          Respectfully submitted,

                                          /s W. Scott Simpson
                                          W. Scott Simpson, Attorney for Defendant
                                          Southern Energy Homes, Inc.

**OF COUNSEL:**

RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, Alabama 35216
Telephone: (205) 876-1600
Facsimile: (205) 876-1616
Email: wssimpson@ritcheysimpson.com

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward S. Sledge, IV
MAYNARD, COOPER & GALES, P.C.
1901 6th Avenue North, Suite 2400
AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Charles Lance Gould**
  lance.gould@beasleyallen.com holly.stroh@beasleyallen.com
- **Carter Gibson Vance**
  gibson.vance@beasleyallen.com heidi.bowers@beasleyallen.com


    /s W. Scott Simpson
    Of Counsel