IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAROLD KELLY MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-618-MEF |
| ) | (WO) |
| SOUTHERN ENERGY HOMES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Leave to Amend Complaint (Doc. # 38) filed on May 25, 2007 by Plaintiff Harold Kelly Murphy ("Murphy"). In this motion, Murphy seeks to amend his complaint so as "to clarify the factual grounds of his claim and to demonstrate the inapplicability of Defendant's affirmative defense of federal preemption." Doc. # 38 at 2. Defendant Southern Energy Homes, Inc. ("Southern Energy") strenuously objects. For the reasons set forth below, this Court finds that this motion is due to be denied.

Murphy makes his motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a). While Rule 15(a) commands that "leave [to amend] shall be freely given when justice so requires," that rule is inapposite here as the instant motion for leave to amend comes well after the deadline set by the Court in its Uniform Scheduling Order. *See* Doc. # 11) (setting November 6, 2006 as the deadline for filing any motions to amend the pleadings and to add parties). Federal Rule of Civil Procedure 16(b) provides that a schedule, such as the ones this Court set by entering the Uniform Scheduling Orders in this

case, "shall not be modified except upon a showing of *good cause*" and by leave of court. Fed. R. Civ. P. 16(b) (emphasis added). This means that in making a motion for leave to amend a pleading after the deadline set by this Court's scheduling order, Plaintiffs must show good cause exists for their untimely attempt to amend his Answer. *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (applying the Rule 16 good cause standard rather than the more liberal standard of Rule 15 to attempt to amend pleading after deadline set by Court's scheduling order is appropriate).

Although Southern Energy first raised the issue of federal preemption after the deadline for motions to amend the pleadings had already passed, Murphy waited over six months to file his motion. Murphy has not demonstrated good cause to modify the schedule and there is no basis for this Court not to enforce the deadline as set forth in its Uniform Scheduling Order. Accordingly, it is hereby ORDERED that the Motion for Leave to Amend Complaint (Doc. # 38) is DENIED.

In light of this ruling, it is further ORDERED as follows:

(1) The Motion to Amend Internal Deadlines in Scheduling Order (Doc. # 51) is DENIED.

(2) The parties shall confer and, on or before July 27, 2007, file an amended Rule 26(f) which submits proposed changes to the Uniform Scheduling Order relating to deadlines for discovery, expert witnesses, dispositive motions, and the trial date.

DONE this the 18th day of July, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE