**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **HAROLD KELLY MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:06-cv-618-MEF** |
| | ) | |
| **SOUTHERN ENERGY HOMES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT SOUTHERN ENERGY HOMES, INC.'S
SUR-REPLY IN SUPPORT OF
<u>MOTION FOR JUDGMENT THE PLEADINGS</u>**

COMES NOW Defendant Southern Energy Homes, Inc. ("Southern Energy") and hereby files this Sur-Reply in Support of its Motion for Judgment on the Pleadings in this case:

1.      The Plaintiff in this case filed a Complaint, alleging a specific defect in the design of the wallboards in his manufactured home. (*Murphy* doc. 1)  The specific nature and character of Plaintiff's defect theory is very clearly explained in his Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings.  (*Murphy* doc. 36)

2.      The same plaintiffs' counsel, in association with Louisiana counsel, had previously filed a class action complaint in the Western District of Louisiana styled, *Russell J. Guidroz, Jr., et al. v. Champion Enterprises, Inc. and Redman Homes, Inc.,* Civil Action No. 6:05CV1148 (the "*Guidroz*" case),[1] alleging the same defect on a class basis.  (*Guidroz* doc. 1)

3.      The Defendants in the *Guidroz* case filed a Rule 12(b) Motions to Dismiss on federal preemption grounds which the *Guidroz* Court granted by way of a well reasoned,

---

[1]   In order to reduce supporting paperwork, the pleadings and orders in the *Guidroz* case referenced herein will cite to the Pacer document number instead of attaching those documents as exhibits.  Copies of these pleadings and orders can be provided to the Court if it would prefer.

carefully researched and extensively analyzed Judgment of Dismissal.  (*Guidroz* docs. 8, 9, 30 and 31)

4.      Southern Energy then filed a Motion for Judgment on the Pleadings with this Honorable Court, asserting the same preemption arguments that were presented to the *Guidroz* Court.  (*Murphy* docs. 32 and 33)

5.      Approximately 10 days after the *Guidroz* Court dismissed the original *Guidroz* class action complaint on preemption grounds, the *Guidroz* plaintiff moved to amend his complaint to recast his defect allegations in an attempt to circumvent preemption.  (*Guidroz* doc. 32)

6.      The *Guidroz* Court permitted this amendment of the Complaint.  (*Guidroz* doc. 36)  Defendants in the *Guidroz* case then moved to dismiss the amended complaint.  (*Guidroz* doc. 38)

7.      Following suit, Plaintiff's counsel in the *Murphy* case filed a similar Motion for Leave to File Amended Complaint in this Court, similarly seeking to recast his defect allegations in an attempt to circumvent preemption.  (*Murphy* doc. 38)

8.      **Importantly**, this Honorable Court summarily denied Mr. Murphy's Motion to Amend Complaint on procedural grounds.  (*Murphy* doc. 52)

9.      Subsequently, the *Guidroz* Court in its August 1, 2007 Minutes of Hearing and Order denied Defendants' motion to dismiss the *Guidroz* plaintiff's Amended Complaint.[2] (*Guidroz* doc. 47)

10.     **Of critical note for this Court**, the Court in *Guidroz* specifically and expressly did **NOT** in any way set aside or withdraw its prior Order, dismissing the original class action

___

[2]   However, in demonstrating the Court's doubt as to whether the amended allegations will ultimately circumvent the preemption defense, the *Guidroz* Court, *sua sponte,* refused to allow any class discovery going forward, and in fact, limits any and all discovery to the specific design defects on the named Plaintiff's manufactured home.

complaint on the preemption grounds.  Instead, the Court steadfastly stood by that preemption

order.  In its Minutes and Order of May 17, 2007 (*Guidroz* doc. 36), the Court stated:

> This court's January 26, 2007 Judgment of Dismissal is amended
> to a Partial Judgment of Dismissal, **granting the Motions to
> Dismiss** filed on behalf of Redman Homes, Inc. and Champion
> Enterprises, Inc, and **thereby dismissing all claims asserted in
> the plaintiffs' Original Class Action Complaint**.  The Claims
> asserted in the Amending complaint allowed to be filed this date
> are not affected by this ruling. (emphasis added)

11.    At Paragraph No. 2 of Mr. Murphy's recent Motion for Leave to Amend (*Murphy*

doc. 57), Mr. Murphy argues that this Court should deny the Motion for Judgment on the

Pleadings on grounds that the *Guidroz* Court recently "entered an order denying Defendants'

Motion to Dismiss because the plaintiff's claims were not barred by federal preemption."

12.    Based upon the above, it is abundantly clear that this characterization of the

*Guidroz* August 1, 2007 Minutes of Hearing and Order is inaccurate.

13.    As shown above, the original *Guidroz* class action complaint, the theories of

which are identical to Mr. Murphy's current complaint before this Court, was fully and

completely dismissed on federal preemption grounds.  That complaint and the claims therein

remain dismissed.

14.    At Paragraph No. 9 of his Motion for Leave to Amend, Mr. Murphy goes on to

state that:  "Thus, the only two courts to rule on this issue to date have denied Defendants'

preemption based arguments…."

15.    This statement is also inaccurate.  As shown above, the *Guidroz* court has

affirmed and readopted its preemption order dismissing the *Guidroz* Plaintiff's original class

action complaint.  Since the *Guidroz* Plaintiff's original complaint asserts the same claims and

theories as Mr. Murphy's current complaint, the *Guidroz* Judgment of Dismissal still stands as

articulate, well analyzed and thoroughly researched, persuasive precedent to this Court, clearly showing that the claims presented by Mr. Murphy in this case are barred by federal preemption.

WHEREFORE, premises considered, Defendant Southern Energy Homes, Inc. hereby respectfully requests that this Honorable Court grant its Motion for Judgment on the Pleadings.

 _s/Thomas W. Thagard III_____
Lee E. Bains, Jr. (BAI005)
Thomas W. Thagard, III (THA006)
Edward S. Sledge IV (SLE008)

Attorneys for Southern Energy Homes, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL  35203
(205) 254-1000 (Telephone)
(205) 254-1999 (Facsimile)
lbains@maynardcooper.com
tthagard@maynardcooper.com
sledge@maynardcooper.com

W. Scott Simpson
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, Alabama 35216-3084
205.876.1600  (Telephone)
205.876.1616  (Facsimile)
wssimpson@ritcheysimpson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15th, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles Lance Gould, Esq.


 s/Thomas W. Thagard III _____

Of Counsel