IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HAROLD KELLY MURPHY,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| vs. | * CASE NO.: 2:06-cv-618-MEF |
| | * |
| **SOUTHERN ENERGY HOMES, INC., et al.,** | * |
| | * |
| **Defendants.** | * |

**PLAINTIFF'S MOTION TO STRIKE OR, IN THE
ALTERNATIVE, OPPOSITION TO DEFENDANT'S SUR-REPLY**

Plaintiff, by counsel, hereby files this Motion to Strike or, in the Alternative, Opposition to Defendant's Sur-Reply in Support of Motion for Judgment on the Pleadings.

**1. Standard of Review**

Federal Rule of Civil Procedure Rule 12(f), mandates that this Court can "order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." *Southeast v. Bd. Of Seminole County FL*, 778 F.Supp. 518, 519 (M.D.Fla. 1991); *Bram v. Williamson Tobacco Corp.*, 201 F.2d 819, 822 (6th Cir. 1953); *Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 241 and 220 F.R.D. 244 (D. Md. 2004) (striking immaterial allegations), *Hare v. Family Pub. Service,* 342 F.Supp. 678, 685 (D. Md. 1972, n. 2) (if allegations are immaterial and likely to prejudice later litigation, must be stricken).

Defendant has filed a "Sur-Reply" which other than continuing to misrepresent Murphy's Complaint adds nothing new to the arguments before this Court. The Sur-Reply should be stricken.

## 2. Argument

Defendant misrepresents two material facts in this case.[1] First, Defendant states that "the same plaintiffs' counsel, in association with Louisiana counsel, had previously filed a class action complaint…" Defendant's Sur-Reply at p.1 ¶2. Indeed, the undersigned did not draft nor did they have any involvement in the class action complaint that was filed by the counsel in the *Guidroz* case originally. The undersigned indeed assisted in drafting the *amended* complaint which was held not to be subject to preemption and which is in accord with the *original* (and only) complaint pending in this case.

Second, and more importantly, the Defendant's attempt to mislead this Court when it states that Plaintiff in this case alleged a "specific defect in the design of the wallboards in the manufactured home." Defendant's Sur-Reply at p.1 ¶1. The reason the original *Guidroz* complaint was found to be preempted was because of how the complaint was framed e.g. it specifically singled out 3280.504(b)1 as the only claim (as the court understood it). This complaint (and the amended complaint in *Guidroz*) do not and never have been framed in this manner. The only mention in the pending complaint in this case of the defect is found in paragraph 4: "The manufactured homes designed and manufactured by Defendant, including the manufactured home purchased by Plaintiff, have an improper design and construction of exterior walls." In *Guidroz*, the court found that as originally framed in the first complaint, the plaintiffs simply sought to hold defendants liable for exercising an option under 3280.504(b)1 – the use of a vapor barrier

---

[1] In addition to the two material facts addressed above, Defendant also misstates the court's ruling in *Guidroz* in footnote 2 of their Sur-Reply in stating that the court "refused" to allow "any class discovery going forward" (not that it would have any impact on preemption even if true).

on the living side of the walls. Defendant cannot point to any such allegation in the complaint in this case because it does not exist.

Implicit in the Defendant's attempts to misstate the complaint is the understanding by Defendant that – properly plead – preemption is baseless.[2] Thus, Defendant's only chance at preemption is to mislead this Court about the complaint. This is because if a manufacturer chooses to utilize option 1 of 24 CFR 3280.504(b) and place a vapor barrier on the 'living side' of the exterior walls, it still has a duty to take steps to ensure that option 1 is implemented correctly by ensuring the home performs in the manner prescribed in, among other things, sections 3280.103(b) (ventilation system 'shall not create a negative air pressure…'); 504 ('Condensation control and installation of vapor retarders'); 505 ('The opaque envelope shall be designed and constructed to limit air infiltration to the living area of the home. Any design, material, method or combination thereof which accomplishes this goal may be used').

Defendant knows that "any" design under 505 may be used and thus preemption has no place as they cannot argue the federal government made or allowed them to build the home a certain way as there is there is no "way" specified. The performance based section of 505 is the only requirement: "The opaque envelope shall be designed and constructed to limit air infiltration to the living area of the home. Any design…may be used."

Further, the only prescriptive standard in this case is 3280.103(b) which states that the ventilation system shall not create a negative air pressure or performance based requirements of the HUD Code. Defendant cannot argue preemption here because

---

[2] Defendant understands that a HUD built home is not supposed to have walls that condensate.

3

Plaintiff is accusing Defendant of actually violating this prescriptive standard which they must follow (you do not want a negative air pressure in the gulf coast region because simply put you do not want to suck the hot, moist air into the walls where it will get stuck if a vapor barrier is used and no proper limitation of air infiltration to the living area of the home is achieved).

The bottom line is that regardless of the standard to which a manufacturer builds a home under 3280.504(b), a HUD built home is not supposed to condensate and Plaintiff has alleged that this home does. Defendant cannot disagree with this statement and must attempt to shoe-horn Plaintiff's complaint into their preemption theory by misleading this Court as to it's allegations.

WHEREFORE, Plaintiff respectfully requests that this Court Strike Defendant's Sur-Reply Brief and grant such other relief as is just and proper.

/s/ C. Lance Gould
C. LANCE GOULD (ASB-0913-G66C)
Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the original of the foregoing document in this Court and served a copy upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 16th day of August, 2007.

/s/ C. Lance Gould
OF COUNSEL


W. Scott Simpson
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, Alabama 35216
Telephone: (205) 822-3422
Facsimile: (205) 822-3618
e-mail: wssimpson@bellsouth.net

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward S. Sledge IV
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000 (Telephone)
(205) 254-1999 (Facsimile)
lbains@maynardcooper.com
tthagard@maynardcooper.com
sledge@maynardcooper.com