# EXHIBIT A

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| HAROLD KELLY MURPHY | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No.: |
| | * CV-2006- 1489 |
| | * |
| SOUTHERN ENERGY HOMES, INC.; | * |
| and Fictitious Defendants "A", "B", and "C", | * |
| whether singular or plural, are those other | * |
| persons, firms, corporations, or other entities | * |
| whose wrongful conduct caused or contributed | * |
| to cause the injuries and damages to the | * |
| Plaintiff, all of whose true and correct names | * |
| are unknown to Plaintiff at this time, but will | * |
| be substituted by amendment when ascertained, | * |
| | * |
| Defendants. | * |

## COMPLAINT

### PARTIES

1. Plaintiff Harold Kelly Murphy is over the age of nineteen (19) and is a resident of Montgomery County, Alabama.

2. Defendant Southern Energy Homes, Inc. ("Southern Energy") upon information and belief is an Delaware corporation with its principal place of business in Delaware, who does business by agent in Montgomery County, Alabama.

3. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## BACKGROUND FACTS

4. The manufactured homes designed and manufactured by Defendant, including the manufactured home purchased by Plaintiff, have an improper design and construction of exterior walls. The defect existed at the time of sale and Plaintiff was provided with a written manufacturer warranty that expressly warranted that the home was free from defect.

5. Defendant has known of the defect in the design and manufacturer of homes sold in this region since at least the mid 1990's. Defendant chose to sell homes to consumers in this region without informing them of this known defect and thus chose profit over conscience.

6. Any and all complaints to Defendant have resulted in inadequate relief and despite a reasonable opportunity and repeated complaints by countless individuals, Defendant merely at most offers to replace the gypsum wallboard on occasion. This does not remedy the cause of the problem as the new gypsum wallboard will deteriorate in the same manner as the replaced gypsum wallboard did. Defendant never informs the consumer of the known defect and fails to offer a full refund of the purchase price.

7. Defendant manufactured a manufactured home, which the Plaintiff purchased on or about December 26, 2003. The purchase price of the home was $45,639.90.

8. As part of the purchase price Defendant made a written express warranty to the Plaintiff. Defendant further warranted that any defects in the materials or workmanship in the home, which they were given notice of within the warranty period, would be repaired or remedied at no cost to the Plaintiff.

9. The manufactured home manufactured by Defendant failed to perform, failed to serve as a suitable place or residence, and failed in its intended purpose.

10. Subsequent to the failure of the manufactured home and notice by the Plaintiff to Defendant of such failure, Defendant has failed to effectuate any repair to the manufactured home. As such, the manufactured home continues to deteriorate structurally.

11. Defendant has failed to honor the warranty or repair in that the manufactured home purchased was not fit for its intended use, was not merchantable at the date of the purchase and has continued to not be fit for its particular purpose, not withstanding efforts to repair the structure by Defendant.

12. Pursuant to <u>Code of Alabama</u>, 1975 § 7-2-607(3), Plaintiff has given the Defendant notice of Plaintiff's breach of warranty claim prior to bringing this suit.

13. Defendant had a duty to disclose the known defect to Plaintiff and they failed to do so, to Plaintiff's detriment. Based on Defendant's failure to disclose these material facts, Plaintiff agreed to purchase the manufactured home.

14. Plaintiff discovered the fraudulent concealment within "two" years of filing this lawsuit.

15. Defendant entered into a pattern or practice of fraudulent conduct that included the fraud practiced on Plaintiff.

16. At all times material hereto, Plaintiff depended on Defendant to advise Plaintiff as to quality and design of the manufactured home. Defendant had superior knowledge and bargaining power over Plaintiff.

17. The conduct by Defendant was intentional, gross, wanton, malicious and/or oppressive.

## COUNT ONE
## MAGNUSON MOSS WARRANTY ACT
## 15 U.S.C. § 2301, et seq.

18. Plaintiff incorporates by reference all of the preceding paragraphs.

19. At the time of the manufacture, Defendant was a merchant, Defendant expressly and/or impliedly warranted that the manufactured home would be merchantable and/or fit for the ordinary purposes for which it was to be used and did expressly warrant that the manufactured home was expressly fit, designed, and built as directed by Plaintiff, and that the manufactured home was free from defects in materials and workmanship or any defects would be repaired or replaced under the warranty.

20. The manufactured home, as delivered, was not free from defects in materials or workmanship.

21. Defendant has failed or refused to correct the defects in the manufactured home and/or the warranty has failed in its essential purpose causing Plaintiff to suffer injury and damages.

22. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been proximately damaged as follows: the defects in the manufactured home have substantially and severely impaired its use; the home is of decreased or lesser value than represented when purchased; Plaintiff has suffered mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience; and Plaintiff has been subject to toxic mold resulting from the defects and has suffered pain and discomfort.

4

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, and costs, as well as reasonable attorney fees as allowed under 15 U.S.C. § 2301, et seq.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

23. Plaintiff incorporates by reference all of the preceding paragraphs.

24. Defendant expressly warranted that the manufactured home would be merchantable and/or fit for the ordinary purposes for which it was to be used and did expressly warrant that the manufactured home was expressly fit, designed, and built as directed by Plaintiff, and that the manufactured home was free from defects in materials and workmanship or any defects would be repaired or replaced under the warranty.

25. The manufactured home, as delivered, was not free from defects in materials or workmanship.

26. Defendant has failed or refused to correct the defects in the manufactured home and/or the warranty has failed in its essential purpose causing Plaintiff to suffer injury and damages.

27. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been proximately damaged as set forth in paragraph 22.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, and costs, as well as reasonable attorney fees.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28. Plaintiff incorporates by reference all of the preceding paragraphs.

29. Defendant breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

30. Plaintiff provided notice to Defendant for the breach of implied warranty and has given Defendant opportunity to cure or attempt to cure the numerous defects, but Defendant has failed or refused to do so.

31. As a direct result of the breach of implied warranty or merchantability by Defendant, Plaintiff was damaged as set forth in Paragraph 22.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, and costs, as well as reasonable attorney fees.

## COUNT FOUR
## BREACH OF FITNESS FOR PARTICULAR PURPOSE

32. Plaintiff incorporates by reference all of the preceding paragraphs.

33. Defendant breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

34. Plaintiff provided notice to Defendant for the breach of fitness for particular purpose and has given Defendant opportunity to cure or attempt to cure the numerous defects, but Defendant has failed or refused to do so.

35. As a direct result of the breach of fitness for particular purpose by Defendant, Plaintiff was damaged as set forth in Paragraph 22.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, and costs, as well as reasonable attorney fees.

## COUNT FIVE
## BREACH OF WARRANTY OF HABITABILITY

36. Plaintiff incorporates by reference all of the preceding paragraphs.

37. Defendant breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

38. Plaintiff provided notice to Defendant for the breach of warranty of habitability and has given Defendant opportunity to cure or attempt to cure the numerous defects, but Defendant has failed or refused to do so.

39. As a direct result of the breach of warranty of habitability by Defendant, Plaintiff was damaged as set forth in Paragraph 22.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, and costs, as well as reasonable attorney fees.

## COUNT SIX
## NEGLIGENCE

40. Plaintiff incorporates by reference all of the preceding paragraphs.

41. Defendant negligently manufactured, designed, built, and/or assembled the manufactured home which the Plaintiff purchased from Defendant.

42. Defendant owed a duty to use due and ordinary care in the manufacture, design, building, and/or assembly of the manufactured home purchased by the Plaintiff.

43. Defendant breached the duty owed to the Plaintiff by failing to use ordinary and due care in the manufacture, design, building, and/or assembly of the manufactured home which was purchased by the Plaintiff.

44. As a direct and proximate result of the Defendant's negligence, Plaintiff was damaged as set forth in Paragraph 22.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, and costs, as well as reasonable attorney fees.

## COUNT SEVEN
## WANTON

45. Plaintiff incorporates by reference all of the preceding paragraphs.

46. Plaintiff alleges Defendant is guilty of wanton construction of the manufactured home.

47. The workmanship and design are inferior, wantonly performed or done, leaving the manufactured home in a defective condition, thereby causing injury to the Plaintiff.

48. As a direct and proximate result of the Defendant's wantonness, Plaintiff was damaged as set forth in Paragraph 22.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, a separate amount as punitive damages, and costs, as well as reasonable attorney fees.

## COUNT EIGHT
## UNJUST ENRICHMENT

49. Plaintiff incorporates by reference all of the proceeding paragraphs.

8

50. Defendant, by its acts and omissions described herein, has wrongfully appropriated, retained or otherwise possessed funds that rightfully in justice and equity belong to Plaintiff. Defendant has earned enormous profits from this deceptive act.

51. Defendant should be required to disgorge all sums (e.g. the money earned from this practice) received from Plaintiff as a result of the illegal and improper manner in which Defendant placed for use by consumers a product (the Plaintiff's home) into a region in which Defendant knew the home would become worthless. Plaintiff is also entitled to pre-judgment interest.

## COUNT NINE
## FRAUDULENT CONCEALMENT

52. Plaintiff incorporates by reference all of the preceding paragraphs.

53. Defendant failed to disclose the known defect (as set forth in the Background Facts) of the manufactured home to Plaintiff in connection with the purchasing of the manufactured home.

54. The fraudulent concealment and omissions by Defendant was known and deliberate and was purposely designed to deceive Plaintiff.

55. The concealment and omissions by Defendant was material in that Plaintiff would not have purchased the manufactured home absent the concealment and omissions of material facts by Defendant. Plaintiff reasonably believed that Defendant had accurately and adequately disclosed all material facts.

56. As a direct and proximate result of Defendant's fraudulent concealment and omissions, Plaintiff was damaged as set forth in paragraph 22.

57. Defendant's fraudulent conduct was willful, wanton, and malicious, thereby entitling Plaintiff to the recover an amount to be determined at the trial of this action.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, a separate amount as punitive damages, and cost, as well as reasonable attorney fees.

## COUNT TEN
## NEGLIGENT/WANTON FRAUDULENT CONCEALMENT

58. Plaintiff incorporates by reference all of the proceeding paragraphs.

59. Defendant negligently and/or wantonly fraudulently failed to disclose material facts to Plaintiff.

60. Said action was a breach of the duty owed to Plaintiff.

61. As a proximate consequence of said actions, Plaintiff was damaged as set forth in paragraph 22.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, a separate amount as punitive damages, and cost, as well as reasonable attorney fees.

## COUNT ELEVEN
## ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE

62. Plaintiff incorporates by reference all of the preceding paragraphs.

63. Defendant was involved in the manufacture of a manufactured home, specifically, serial number DSDAL38810AB.

64. Defendant manufactured the manufactured home and placed it in the stream of commerce where Plaintiff ultimately purchased the manufactured home on or about December 26, 2003.

65. The manufactured home reached the Plaintiff as the ultimate users or consumers without any substantial change in its condition from the time it was manufactured by Defendant.

66. Plaintiff used the manufactured home for its intended purpose, as a residence.

67. The manufactured home, when it reached the Plaintiff, was in a defective condition and/or in a condition that was unreasonably dangerous to the Plaintiff as the ultimate users or consumers.

68. As a direct and proximate result of Defendant placing a defective and/or unreasonably dangerous manufactured home in the stream of commerce, Plaintiff was damaged as set forth in Paragraph 22.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as deemed appropriate, a separate amount as punitive damages, and costs, as well as reasonable attorney fees.

Dated: June 14, 2006.

_____
C. LANCE GOULD
C. GIBSON VANCE
Attorneys for Plaintiff

**OF COUNSEL:**

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 (fax)

11