# EXHIBIT D

**Murphy**

---

Page 1

```
1        IN THE UNITED STATES DISTRICT COURT
2         FOR THE MIDDLE DISTRICT OF ALABAMA
3                  NORTHERN DIVISION
4
         HAROLD KELLY MURPHY,
5
              Plaintiff,
6                                      CASE NUMBER
              vs.                      2:06-cv-618-MEF
7
         SOUTHERN ENERGY HOMES,
8        INC., et al.,
9             Defendants.
10        *    *    *    *    *    *    *    *
11
12
13          DEPOSITION OF BOBBY PARKS, taken
14     pursuant to stipulation and agreement
15     before Barbara A. Howell, Certified
16     Court Reporter and Commissioner for the
17     State of Alabama at Large, ACCR No. 123,
18     in the Law Offices of Beasley, Allen,
19     Crow, Methvin, Portis & Miles, P.C., 272
20     Commerce Street, Montgomery, Alabama, on
21     Tuesday, November 27, 2007, commencing
22     at approximately 11:00 a.m.
23
```

2

**Murphy**

```
                                                      Page 2

   1                A P P E A R A N C E S
   2
            FOR THE PLAINTIFF:
   3
            Mr. C. Lance Gould
   4        Beasley, Allen, Crow, Methvin,
            Portis & Miles, P.C.
   5        Attorneys at Law
            272 Commerce Street
   6        Montgomery, Alabama   36104
   7
            FOR THE DEFENDANTS:
   8
            Mr. W. Scott Simpson
   9        Mr. Gregory S. Ritchey
            RITCHEY & SIMPSON, P.C.
  10        Attorneys at Law
            3288 Morgan Drive
  11        Suite 100
            Birmingham, Alabama   35216
  12
  13
  14
  15
  16
  17
  18
  19
  20
  21
  22
  23
                                                    3
```

**Murphy**

```
                                               Page 3

  1                    I N D E X
  2
         EXAMINATION BY:                     PAGE
  3
         MR. SIMPSON......................    5
  4
  5      EXHIBITS                            PAGE
  6      DEFENDANTS' EXHIBIT #1............    5
  7      DEFENDANTS' EXHIBIT #2............    6
  8      DEFENDANTS' EXHIBIT #3............    6
  9      DEFENDANTS' EXHIBIT #4............    7
 10      DEFENDANTS' EXHIBIT #5............    8
 11      DEFENDANTS' EXHIBIT #6............  149
 12
 13
 14
 15
 16
 17
 18
 19
 20
 21
 22
 23
```

**Murphy**

Page 4

```
 1           S T I P U L A T I O N S
 2           It is hereby stipulated and agreed
 3       by and between counsel representing the
 4       parties that the deposition of BOBBY
 5       PARKS is taken pursuant to the Federal
 6       Rules of Civil Procedure and that said
 7       deposition may be taken before
 8       Barbara A. Howell, Court Reporter and
 9       Commissioner for the State of Alabama at
10       Large, without the formality of a
11       commission; that objections to questions
12       other than objections as to the form of
13       the questions need not be made at this
14       time but may be reserved for a ruling at
15       such time as the deposition may be
16       offered in evidence or used for any
17       other purpose as provided for by the
18       Federal Rules of Civil Procedure.
19           It is further stipulated and agreed
20       by and between counsel representing the
21       parties in this case that said
22       deposition may be introduced at the
23       trial of this case or used in any manner
```

**Murphy**

```
 1     by either party hereto provided for by
 2     the Federal Rules of Civil Procedure.
 3
 4      *    *    *    *    *    *    *    *
 5
 6                 BOBBY PARKS
 7      The witness, having first been duly
 8      sworn or affirmed to speak the truth,
 9      the whole truth, and nothing but the
10         truth, testified as follows:
11             THE REPORTER:  Usual
12                stipulations?
13             MR. SIMPSON:  Sure.
14                EXAMINATION
15     BY MR. SIMPSON:
16  Q. Almost good afternoon.  Good morning.
17  A. Yes, sir.
18  Q. We've met before.  Let me start by
19     marking some exhibits and we'll just
20     jump right into this.  Let me mark
21     Exhibit #1.
22             (Defendants' Exhibit #1 was
23                marked for identification.)
```

**Murphy**

```
 1      with you?
 2  A.  I'm not aware of -- they've not
 3      actively been to a home with me.
 4  Q.  Have you had conversations with them
 5      where discussions were had that they
 6      might start consulting with the Beasley
 7      team on these homes?
 8  A.  Yes, sir.
 9  Q.  And tell me about those conversations
10      and what was said.
11  A.  I was recently at a building science --
12      continuing education building science
13      fundamentals with Joseph Lstiburek and
14      John Straube.  I've actually known
15      Joseph Lstiburek for several years,
16      been to his home and to the Westford
17      symposium.  We've had conversations in
18      the past.  He does -- he doesn't do the
19      expert work; however, Dr. Straube does.
20      And there was a conversation of --
21      actually, Joseph Lstiburek has agreed
22      to go -- or volunteered to go with me
23      to the Manufactured Housing Consensus
```

**Murphy**

```
 1       Committee, if granted an audience, to
 2       present the presentation and to support
 3       the change in the standard that I have
 4       submitted.
 5   Q.  You have submitted a standard to the
 6       consensus committee?
 7   A.  I have.
 8   Q.  Where is that?  Do you know?
 9   A.  That's the removing the barriers, and
10       the form is with it.  It's already been
11       given to Robert Solomon at NFPA.
12   Q.  So Mr. Lstiburek has agreed to travel
13       with you to any kind of consensus
14       committee presentation?
15   A.  He -- he asked to go.  He wanted to go
16       to that.  He volunteered on his own.
17   Q.  Is he playing any part or receiving any
18       income in expert advice in the Beasley
19       homes?
20   A.  No, sir, he's not.
21   Q.  The other fellow, Dr. Straube?
22   A.  Yes, sir.
23   Q.  What is his full name?
```

**Murphy**

```
 1   A.   Dr. John Straube.  He is the partner
 2        with Joe in the Building Science
 3        Corporation.
 4   Q.   Is Neil Moyer a part of that group as
 5        well?
 6   A.   No, sir.
 7   Q.   And John Straube is -- what is his
 8        background and credentials?
 9   A.   He is a -- I don't know.  You'll have
10        to get that information from him.  I'm
11        not fully familiar.
12   Q.   Well, is he actively participating in
13        any level of expertise in these cases
14        that you're aware of?
15   A.   I'm not aware of the status of that.
16   Q.   Were you privy to conversations where
17        discussions were had about his possible
18        involvement?
19   A.   I talked to him about his possible
20        involvement.
21   Q.   What did you say to him?
22   A.   In the conversation of the
23        removing-the-barriers issue, and he
```

**Murphy**

```
 1        offered to write a letter of review and
 2        opinion and also help to support that
 3        change being made in the standard.  We
 4        spoke about he was very aware of the
 5        litigation that was going on down here.
 6        I simply mentioned that I would love to
 7        have him as -- as part of the team, and
 8        he agreed to speak to counsel.  So --
 9        and I don't know where it's went from
10        there.
11   Q.   Anybody else that you've had
12        conversations with -- other design
13        professionals, engineers, architects --
14        anyone else that you've been privy to
15        conversations or know about
16        conversations where people might be
17        added as experts in these cases?
18   A.   I can't really recall -- yeah.  There
19        was another gentleman a while back, but
20        I don't know -- that was a Mr. Bud
21        Offerman, but I don't know if anything
22        ever -- I don't know, you know, what
23        conversations or anything ever had.
```

**Murphy**

```
 1       this many times.
 2   A.  Yeah.
 3   Q.  You think there's interplay between 303
 4       and 504.  I disagree.  But I think we
 5       agreed in the last case -- and I want
 6       to see if you've changed your mind --
 7       that even though 504 is not technically
 8       violated, you think 303 may be.
 9   A.  I think the improper use of 504 -- I
10       can't -- you can't say that 504 has
11       been technically violated, no, you
12       can't.  But --
13   Q.  Now, 504(b)(4), the new code section,
14       has a geographic restriction; right?
15   A.  Yes, sir, it does.
16   Q.  And (b)(1) has no geographic
17       restriction.
18   A.  Not at this time.
19   Q.  And you're lobbying for one.
20   A.  Yes, sir, I am.
21   Q.  And that's that whole discussion you
22       were talking about where Joe Lstiburek
23       is going to go with you to the
```

**Murphy**

Page 182

```
 1      consensus committee; right?
 2  A.  If afforded the opportunity, yes, sir.
 3  Q.  And the intent of your presentation to
 4      the consensus committee, if you're
 5      given that opportunity, is to create a
 6      geographical restriction to the
 7      application of (b)(1) walls.
 8  A.  Simply -- simply as an exemption that
 9      (b)(1) should not be utilized in areas
10      identified as (b)(4).  (B)(4) was
11      offered as an alternative to (b)(1);
12      therefore, it doesn't make sense that
13      both options would be proper.
14  Q.  So you want the code to change so that
15      you can't build a (b)(1) wall in the
16      humid and fringe-zone climate.
17  A.  I believe that would be the proper
18      thing to do, yes, sir.
19  Q.  And until that change happens, it's
20      still okay to build one there, by code.
21  A.  By code.  If they're silly enough to
22      keep doing it, then I guess so.
23  Q.  Now, page 1 of your report, this is
```

**Murphy**

Page 206

1          REPORTER'S CERTIFICATE
2
3      STATE OF ALABAMA )
                        )
4      ELMORE COUNTY    )
5
6          I do hereby certify that the above
7      and foregoing transcript was taken down
8      by me in stenotype, and the questions
9      and answers thereto were transcribed by
10     means of computer-aided transcription,
11     and that the foregoing represents a true
12     and correct transcript of the testimony
13     given by said witness.
14         I further certify that I am neither
15     of counsel, nor of any relation to the
16     parties to the action, nor am I anywise
17     interested in the result of said cause.
18
19
20         Barbara A. Howell, Certified
           Court Reporter and Commissioner
21         for the State of Alabama at Large
           ACCR NO. 123 - Expires 9/30/08
22         MY COMMISSION EXPIRES:  12/27/08
23