IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAROLD KELLY MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-618-MEF |
| ) | (WO - Do not publish) |
| SOUTHERN ENERGY HOMES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion to Strike Defendant's Reply Brief in Support of Motion for Judgment on the Pleadings. (Doc. # 44). Plaintiff objects to the quoting from an informal opinion letter from an official from the Department of Housing and Urban Development ("HUD").[1] *See* (Doc. # 39, at 6).

Plaintiff argues that the letter, which is attached to Defendant's Reply Brief (Doc. # 39-4), is unauthenticated and constitutes inadmissable hearsay. Plaintiff argues that if the Court denies its motion to strike, then it should have the opportunity to depose the HUD official.

With respect to the authentication argument, Rule 902(2) of the Federal Rules of Evidence states:

---

[1] Plaintiff also argues that Defendant misled the Court with respect to *Guidroz v. Champion Enters., Inc.*, No. 05-1148 (W.D. La. January 26, 2007) and that Defendant's reply and the HUD letter do not support preemption. However, Plaintiff did not provide sufficient legal argument for striking the reply brief on these grounds. Rather, Plaintiff made arguments relevant to the Motion for Judgment on the Pleadings.

> A document purporting to bear the signature in the official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

Fed. R. Evid. 902(2).

In this case, the letter was authenticated. Defendant obtained a Sealed Authentication Certificate from Theodore Ford, Director of HUD. (Doc. # 47-2). In that Certificate, Ford states that he has the authority to seal HUD documents, and that the letter is genuine. (*Id.*). Therefore, the opinion letter is authentic.

With respect to the hearsay argument, Rule 803(8) excludes from the hearsay rule public "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report." Fed. R. Evid. 803(8). "This hearsay exception is designed to allow admission of official records and reports prepared by an agency or government office for purposes independent of specific litigation." *United States v. Stone*, 604 F.2d 922, 925-26 (11th Cir. 1979).

In this case, the opinion letter does not satisfy one of the hearsay exceptions in Rule 803(8). Defendants argue that

> [t]his Court should hold that the HUD Opinion is excluded from the hearsay rule pursuant to Rule 803(8) since it qualifies as a "record, report or statement" of a "public official" that sets forth the opinions of HUD, which are both activities of HUD and matters observed pursuant to duty imposed by law (the HUD Opinion discusses the proper way to interpret the HUD Code, which is promulgated by HUD according to law, 42 U.S.C. § 5403).

2

Response (Doc. # 47, at 3). However, there is no evidence that the opinion letter was public record. It appears that the letter was made for the purpose of this litigation.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Strike is GRANTED.

Done on this the 6th day of March, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE