IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| HAROLD KELLY MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-618-MEF |
| | ) | (WO - Do not publish) |
| SOUTHERN ENERGY HOMES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Southern Energy Homes, Inc.'s[1] Motion for Judgment on the Pleadings (Doc. # 32). For the reasons stated herein, the motion is due to be GRANTED.

## JURISDICTION AND VENUE

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff's claims arise under a law of the United States, specifically the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, 15 U.S.C. § 2310, *et seq.*, and the National Manufactured Housing Construction and Safety Standards Act, 42 U.S.C. § 5401, *et seq*. The parties do not contest personal jurisdiction or venue, and the

---

[1] Plaintiff also names a number of fictitious defendants. Federal courts do not allow fictitious party practice. *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir.1997) ("[F]ictitious party practice is not permitted in federal court."). Therefore, the fictitious defendants are due to be dismissed. *See, e.g.*, *Wiggins v. Risk Enterprise Mgmt. Ltd.*, 14 F. Supp. 2d 1279, 1279 n.1 (M. D. Ala. 1998) (DeMent, J.) (dismissing *sua sponte* fictitious defendants).

Court finds adequate allegations in support of both.

## STANDARD OF REVIEW

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); Fed. R. Civ. P. 12(c). The Court must accept facts in a complaint as true and views them in a light most favorable to the nonmoving party. *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). The complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## FACTS AND PROCEDURAL BACKGROUND

The pleadings, when viewed in the light most favorable to the nonmoving party, establish the following facts:

Plaintiff purchased a manufactured home from Defendant on or about December 26, 2003. Complaint (Doc. # 1-2, ¶ 7). The purchase price was $45,639. (*Id.*). It is undisputed that Defendant constructed the exterior walls of Plaintiff's home with interior vapor barriers, which is expressly permitted under the HUD Code. 24 C.F.R. § 3280.504(b)(1).

On June 14, 2006, Plaintiff filed an eleven-count complaint in the Circuit Court of

Montgomery County, Alabama. (Doc. # 1-2). Plaintiff alleges that "[t]he manufactured homes designed and manufactured by Defendant, including the manufactured home purchased by Plaintiff, have an improper design and construction of exterior walls." (*Id.* ¶ 4). On July 14, 2006, Defendant removed the case to this Court. Notice of Removal (Doc. # 1).

## DISCUSSION

Defendants contend that Plaintiff's state law claims are preempted by the Manufactured Housing Act. "Congress's intent to preempt state law may be explicitly stated in the language of a federal statute or implicitly contained in the structure and purpose of the statute." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004). There are three types of preemption: (1) express preemption; (2) field preemption; and (3) conflict preemption. *Id.*

In this case, the Court finds that Plaintiff's claims are due to be dismissed because of conflict preemption. "Conflict preemption exists where state law actually conflicts with federal law, making it impossible to comply with both, or where the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 768 (11th Cir. 1998) (internal quotation marks and citation omitted). The Manufactured Housing Act's implementing regulations specify that the test for determining whether the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of

Congress is "whether the State rule can be enforced or the action taken without impairing the Federal superintendence of the manufactured home industry as established by the Act." 24 C.F.R. § 3282.11(d).

Plaintiff's claims are based on Defendants' construction of the exterior walls of Plaintiff's home with interior vapor barriers, which is expressly permitted under the HUD Code. 24 C.F.R. § 3280.504(b)(1). Section 3280.504(b) provides for a range of authorized options for exterior wall construction. *See* § 3280.504(b). The regulations lay out "the requirements for condensation control, air infiltration, thermal insulation and certification for heating and comfort cooling." 24 C.F.R. § 3280.501. The language does not suggest that the regulation sets forth minimum standards, and Courts have suggested that regulations providing a range of options do not set forth minimum standards. *See Stone ex rel. Estate of Stone v. Frontier Airlines, Inc.*, 256 F. Supp. 2d 28, 44 (D. Mass. 2002).

In a recent case, this Court held that similar claims were barred by conflict preemption because they would penalize the manufacturer for choosing a federally authorized option. *See Perry v. Fleetwood Enterprises, Inc.*, 2007 WL 2893410 (M.D. Ala. Sept. 28, 2008); *see also Guidroz v. Champion Enters., Inc.*, No. 05-1148 (W.D. La. January 26, 2007). The Court agrees and concludes that Plaintiff may not penalize Defendant for choosing an option permitted by § 3280.504(b).

Plaintiff argues, looking both to case law and the structure of the regulations

themselves, that the regulations at issue set forth are performance-based. Response (Doc. # 36, § A.2). In other words, the manufacturer is given several options to meet a performance-based requirement. Therefore, Plaintiff argues, the regulations set forth minimum standards. The Court disagrees. The regulation at issue in *Geier v. American Honda Motor Co.* also set a performance requirement. 529 U.S. 861, 878 (2000) ("[The regulation at issue] set[] a performance requirement for passive restraint devices and allow[ed] manufacturers to choose among different passive restraint mechanisms, such as airbags, automatic belts, or other passive restraint technologies to satisfy that requirement.").

The *Geier* Court noted that the manufacturers were required to meet a performance requirement by choosing from a range of options. *See id.* at 878-79. Nonetheless, the plaintiff's claims were preempted because they penalized the manufacturer for choosing an option provided by the regulations. *See id.* at 881. Even if the regulations set forth performance requirements or a performance standard, the Court cannot agree that the regulations provide a minimum standard. Maintenance of Plaintiff's state court claims would "impair[] the Federal superintendence of the manufactured home industry as established by the Act." 24 C.F.R. § 3282.11(d). Therefore, Defendants' motion is due to be GRANTED.

## CONCLUSION

It is hereby ORDERED as follows:

(1) Defendant's Motion for Judgment on the Pleadings (Doc. # 32) is GRANTED.

(2) Plaintiff's claims in this case are DISMISSED WITH PREJUDICE.

(3) Defendant's Motion to Exclude Testimony and Opinions of Plaintiff's Expert Robert Kondner and Request for *In Limine* Heading (Doc. # 69), Motion to Exclude Testimony and Opinions of Plaintiff's Expert Bobby Parks and Request for *In Limine* Heading (Doc. # 70), and Motion for Summary Judgment (Doc. # 71) are DENIED as moot.

(4) All claims against the fictitious defendants are DISMISSED.

(5) The Court will enter a separate final judgment taxing costs.

Done on this the 6th day of March, 2008.

　　　　　　　　　　　　　　　　　　　　/s/ Mark E. Fuller
　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE